# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED., An Irish Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No._____ ) |
| LONGFORD CAPITAL FUND, III, LP, A Delaware Corporation, | ) ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## MOTION TO FILE COMPLAINT UNDER SEAL

Plaintiff Arigna Technology Limited ("Plaintiff") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2, and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 for entry of an order placing Plaintiff's Complaint under seal. Plaintiff respectfully submits that good cause exists to seal the Complaint to protect the interests of one or more parties against public dissemination of the confidential information contained within. In support thereof, Plaintiff states as follows:

"Although there is a 'presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive,' the right is 'not absolute…'" *Kaleo, Inc. v. Adamis Pharms. Corp.*, No. CR 19-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) (quoting *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019)). "The movant overcomes the presumption of access if it shows 'that the interest in secrecy outweighs the presumption.' The material needs to be 'the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* Further, "courts may deny access to judicial records, for example, where they are

sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Plaintiff files this Motion to Seal out of an abundance of caution because Exhibit C to Plaintiff's Complaint, to which Plaintiff is not a party, contains a confidentiality provision that appears directed to protect commercially sensitive information between Susman Godfrey L.L.P. ("Susman") and Defendant Longford Capital Fund, III, LP ("Defendant") contained in that agreement. As such, Plaintiff files this Motion to Seal to afford Susman and Defendant the opportunity to protect any information Susman and Defendant may deem confidential.

Plaintiff will comply with all applicable local rules and procedures regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version of the Complaint within seven (7) days after the Complaint is sealed.

Plaintiff, therefore, respectfully requests entry of the attached order placing the Complaint under seal.

Dated: December 18, 2023                BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff Arigna Technology Limited*

2