IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ARIGNA TECHNOLOGY LIMITED,** ) <br> An Irish Corporation, ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> **LONGFORD CAPITAL FUND, III, LP,** ) <br> A Delaware Corporation, ) <br> ) <br> Defendant ) | C.A. No._____ <br><br> **JURY TRIAL DEMANDED** <br> [PUBLIC VERSION] |

## COMPLAINT

Arigna Technology Limited ("Arigna" or "Plaintiff"), by and through their undersigned counsel, bring this Complaint against defendant Longford Capital Fund, III, LP, a Delaware limited partnership ("Defendant" or "Longford"), alleging as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief concerning Longford's filing of a UCC-1 financing statement purporting to perfect a first-priority security interest in certain settlement "Proceeds" (as defined below). Longford wrongfully claims that it has a security interest in the entirety of a payment made pursuant to a settlement agreement compromising the claims and licenses patent rights belonging to the Other Settling Parties (as defined below). In this action, Arigna seeks a declaratory judgment that Longford only has the right to a security interest in proceeds received from patent infringement claims belonging to Arigna, not the right, as it claims, to a security interest in the entirety of the payment required by the settlement agreement compromising the claims and licenses patent rights belonging to the "Other Settling Parties."

## PARTIES

2. Plaintiff Arigna is an Irish corporation with its principal place of business in Dublin, Ireland. Arigna is the owner of certain United States Patents and is in the business of patent licensing.

3. On information and belief, Defendant Longford is a Delaware limited partnership with a principal place of business at 35 West Wacker Drive, Suite 3700, Chicago, Illinois 60601. Longford advertises itself as a litigation finance provider. Longford may be served with process through its registered agent, Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the matter in controversy far exceeds the statutory sum or value required for this court to have jurisdiction.

5. This Court has personal jurisdiction over Defendant in this action as Defendant is a limited partnership incorporated under and subject to the laws of Delaware.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. On or about August 24, 2020, Arigna entered into an engagement letter with the law firm Susman Godfrey, LLP ("Susman Godfrey") pursuant to which Susman Godfrey agreed to represent Arigna to enforce Arigna's intellectual property rights in the certain patents owned by Arigna (collectively, the "Arigna Patents") against certain specified infringers of the Arigna Patents (the "August Engagement Letter").[1]

8. Susman Godfrey agreed to be compensated on a contingent basis and obtained litigation financing from Longford pursuant to a separate Funding Agreement with Susman

---

[1] A copy of the August Engagement Letter, without exhibits, is attached hereto as Exhibit A.

Godfrey (the "Funding Agreement"), to which Arigna is not a party.[2] Pursuant to the Funding Agreement, Longford agreed to pay the costs and expenses incurred in connection with Arigna's enforcement campaign, including certain attorneys' fees incurred by Susman Godfrey.

9. The August Engagement Letter provided for Longford to recover its investment out of "Proceeds" recovered from Arigna's effort to enforce its "Claims." "Proceeds" is defined in the August Engagement Letter as "any and all gross, pre-Tax monetary recovery or the value of any other consideration received, or to be received, by you, in connection with the Claims, as a direct or indirect result of, part of, in connection with, relating, or arising from . . . the infringement, sale, license, or other exploitation of all or any portion of you or the Patents." The August Engagement Letter defines "Claims" to include all claims Arigna may have for damages relating to any infringement of certain patents owned by Arigna.

10. To secure Susman Godfrey's obligations to Longford under the Funding Agreement, Arigna granted and assigned to Longford "a first-priority security interest in the Proceeds recovered" in the August Engagement Letter. The August Engagement Letter also gave Susman Godfrey a subordinate lien to secure its attorneys' fees and advanced costs, and any obligation Susman Godfrey owed to Longford.

11. On July 9, 2021, Susman Godfrey and Arigna executed an amendment to the August Engagement Letter to "identify the Infringers, Patents, Claims, and number of ITC Actions to be asserted for" Arigna's second enforcement campaign (the "July Amendment"). The July Amendment did not modify the provisions of the August Engagement Letter governing Longford's lien.

---

[2] A copy of the Funding Agreement is attached hereto as Exhibit B.

3

12. On August 28, 2020, without any advance notice to Arigna, Longford caused to be filed with the Washington, D.C. Recorder of Deeds, a UCC Financing Statement (the "UCC-1") purporting to perfect its first-priority security interest in the Proceeds.[3]

13. On September 10, 2021, Arigna filed three patent infringement actions in the United States District Court for the Western District of Texas against an entity that Arigna claimed infringed certain patents owned by Arigna (collectively, the "Litigation").

14. On November 18, 2023, Arigna and the Other Settling Parties entered into a Settlement and License Agreement with the alleged infringer to resolve the Litigation (the "Settlement Agreement"). In addition to settling with Arigna, the Settlement Agreement compromised the claims of thirteen other individuals and/or entities (collectively, the "Other Settling Parties"), with which Longford had no relationship, brought in at least thirteen separate proceedings around the world, in which Longford is not involved. To resolve all of these claims, the Settlement Agreement contemplated a payment made not to Arigna, but to another entity, Atlantic IP Services Limited ("Atlantic"), from which distributions would then be made to the various Other Settling Parties that licensed their intellectual property rights to and otherwise settled their claims.

15. Longford has taken the position that, pursuant to the August Engagement Letter and the UCC-1, it has the right to a security interest in the entirety of the payment required by the Settlement Agreement with the Defendant, which compromises claims and licenses patent rights belonging to the Other Settling Parties in addition to Arigna's Claims.

16. This is wrong. Longford only has the right, as set forth in the August Engagement Letter, to a security interest in Proceeds received from Claims belonging to Arigna.

---

[3] A copy of the UCC-1 is attached hereto as Exhibit C.

## COUNT I
### (Declaratory Judgment Concerning Longford Lien)

17.   Plaintiff re-alleges and fully incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18.   This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022, and Federal Rule of Civil Procedure 57. An actual, substantial and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Plaintiffs, on the one hand, and Longford, on the other hand, concerning the nature, scope, and applicability of the lien Longford seeks to assert against Arigna, as reflected in the UCC-1.

19.   Longford only has the right, as set forth in the August Engagement Letter, to a security interest in Proceeds, received from Claims belonging to Arigna. Longford does not have the right, as it claims, to a security interest in the entirety of the payment required by the Settlement Agreement with the alleged infringer, which compromises claims and licenses patent rights belonging to the Other Settling Parties in addition to Arigna's Claims.

20.   The Court should enter judgment in favor of Arigna and issue a declaration that Longford's UCC-1 applies only to Proceeds, as defined by the August Engagement Letter, Arigna receives or has the right to receive on account of its Claims, and does not extend to proceeds derived from the intellectual property rights of third-parties with which Longford has no relationship.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.   Judgment that Longford's UCC-1 only attaches to Proceeds, as defined by the August Engagement Letter, that Arigna receives or has the right to receive on account of its Claims, and does not extend to proceeds derived from the intellectual property rights of third-parties with which Longford has no relationship.

    B.   Award Plaintiff its attorney's fees, damages, costs and expenses;

    C.   Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on all issues so triable.

Dated: December 18, 2023          BAYARD, P.A.

                                    */s/ Stephen B. Brauerman*
                                    Stephen B. Brauerman (#4952)
                                    Ronald P. Golden III (#6254)
                                    600 N. King Street, Suite 400
                                    Wilmington, DE 19801
                                    (302) 655-5000
                                    sbrauerman@bayardlaw.com
                                    rgolden@bayardlaw.com

                                    *Attorneys for Plaintiff Arigna Technology Limited*

# EXHIBIT A

[EXHIBITS A-I TO THE BELOW AGREEMENT ARE NOT INCLUDED IN THIS INSTANT EXHIBIT A AND THUS HAVE HAVE NOT BEEN FILED WITH THE COURT]

# REDACTED IN ITS ENTIRETY

# EXHIBIT B

# REDACTED IN ITS ENTIRETY

# EXHIBIT C

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Tracey Dillon    212-756-2127

B. E-MAIL CONTACT AT FILER (optional)
tracey.dillon@srz.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: Arigna Technology Limited

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| Suite 23, The Hyde Building, Carrickmines | Dublin | | 18 | IRL |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b)...

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: Longford Capital Fund III, LP

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 35 West Wacker Drive, Suite 3700 | Chicago | IL | 60601 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
See Exhibit A attached hereto and made a part hereof.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
CM# 048662.0049  Filed with: DC - District of Columbia

F#757697
A#1044463

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

Exhibit A to UCC

Arigna Technology Limited (the "Debtor")

and

Longford Capital Fund III, LP (the "Secured Party")

The collateral includes the Debtor's rights in the Proceeds, as further set forth in the funding agreement, dated as of August 25, 2020 (the "Funding Agreement"), between the Secured Party and certain other parties, as amended, supplemented, or otherwise modified from time to time.

"Proceeds" means any and all gross, pre-tax monetary recovery or the value of any other consideration received, or to be received, by Debtor or its affiliates, in connection with the Claims, as a direct or indirect result of, part of, in connection with, relating to, or arising from, (a) awards, (b) damages, (c) royalties (including the value of royalties), (d) monies, (e) lump-sum payments, (f) up-front payments, (g) settlement amounts, (h) distribution of property, (i) cash value of equities, (j) judgments, (k) settlements or any other form of resolution (reached before and after the initiation of litigation, arbitration, mediation, or a complaint), (l) injunctions, (m) sales, (n) contracts or licenses, (o) attorneys' fees, (p) awards of sanctions (as permitted by applicable law), (q) voluntary dismissals, (r) other cash and non-cash amounts paid, received, or to be received by, transferred, owed, or inuring, directly or indirectly, to Debtor or its affiliates, (s) interest received in connection therewith agreed in a settlement or awarded in a judgment, and (t) any and all gross, pre-tax monetary payment or the value of any other consideration received, or to be received, directly or indirectly by Debtor or its affiliates from any person from the infringement, sale, license, or other exploitation of all or any portion of Debtor or the Patents. For the avoidance of doubt, Proceeds shall be determined prior to deducting (and shall be gross of) any portion thereof that may be payable by the Debtor to the Debtor's attorneys.

"Claims" means all efforts or actions by or on behalf of Debtor or its affiliates to sell, license, enforce, or otherwise monetize the Patents, including threatened or actual legal claims, actions, suits, arbitrations, causes of action, or proceedings before any supranational, national, state, municipal, or local entity or governmental authority, whether located within or without the United States, including without limitation any U.S. District Court and the International Trade Commission, and demands asserted by Debtor or its affiliates against any Defendant or against any other parties threatened with or included in a claim, action, suit, arbitration, cause of action, or proceeding relating to claims of patent infringement of the Patents.

"Defendant" or "Defendants" means certain companies and all of their predecessors, successors, subsidiaries, affiliates and permitted assigns, and all additional persons against whom Claims are asserted on behalf of Debtor before or after the date of the Funding Agreement. The names of the Defendants may be informal brand names. The fact that legal names have not been included herein shall not exclude persons from being a Defendant under the Funding Agreement.

"Patents" means any issued U.S. and non-U.S. patents and any continuations, continuations-in-part, divisionals, reissues, reexaminations, renewals, supplemental examinations, and all other patents or patent applications based on or claiming priority from any of the foregoing that are

asserted against, sold to, licensed to, alleged against, or claimed against any Defendant in pursuing the Claims.

```
Doc #: 2020104776
Filed & Recorded
08/28/2020 08:08 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES         $25.00
   SURCHARGE               $6.50
TOTAL:                    $31.50
```