IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED., An Irish Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LONGFORD CAPITAL FUND, III, LP, A Delaware Corporation, <br><br> Defendant. | C.A. No. 23-1441-GBW <br><br> [ ▮▮▮▮▮▮▮▮▮▮ ] <br><br> [PUBLIC VERSION] |

**DECLARATION OF GERALD PADIAN IN SUPPORT OF PLAINTIFF ARIGNA TECHNOLOGY LIMITED'S COMBINED ANSWERING BRIEF IN OPPOSITION TO DEFENDANT LONGFORD CAPITAL FUND, III, LP'S MOTION TO COMPEL ARBITRATION AND DISMISS, OR IN THE ALTERNATIVE, TO STAY PENDING ARBITRATION AND OPENING BRIEF IN SUPPORT OF PLAINTIFF ARIGNA TECHNOLOGY LIMITED'S MOTION TO ENJOIN ARBITRATION**

I, Gerald Padian, hereby declare as follows:

1. I am a Director of Arigna Technology Ltd. ("Arigna"). I have personal knowledge of the facts stated herein, and if called upon, could and would testify competently to them. I submit this declaration in support of Arigna's Opposition to Defendant Longford Capital Fund, III, LP's ("Longford") Motion to Compel Arbitration and Dismiss, or in the Alternative, to Stay Pending Arbitration (the "Motion to Compel") (D.I. 17) and in support of Arigna's Motion to Enjoin Arbitration.

2. On August 25, 2020, Arigna engaged Susman Godfrey L.L.P. ("Susman") to serve as its lead trial counsel to enforce its intellectual property rights. In the negotiations leading to Susman's retention, Susman requested to obtain litigation funding from Longford to reduce its contingency risk.

1

3. Arigna does not use litigation funding because of Irish champerty laws and did not need or want litigation funding for this campaign. For these litigations Arigna wanted to obtain legal representation on a full contingency basis. Alternatively, Arigna can fund fee-based or hybrid litigation itself without the assistance of outside litigation funders.

4. While Arigna believed that litigation funding was unnecessary and did not wish to participate in obtaining such funding, Arigna consented to Susman's request to obtain litigation funding for Susman.

5. Upon learning of the Settlement referenced in Arigna's brief (the "Settlement Payment") and, Arigna believes, to attempt to take control of the entirety of the Settlement Payment, Longford directed Susman, while Susman was still Arigna's counsel, to notify the Settlement Payment payor of Longford's claimed interest in the Settlement Payment.

6. The Settlement Payment was made on December 15, 2023, and Arigna received its share on December 18, 2023.

7. Arigna paid into Susman's escrow account the entirety of Arigna's portion of the Settlement Payment as required by the Engagement Agreement on December 28 and 29, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2024.

_____
Gerald Padian