# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, an Irish corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 1:23-cv-1441-GBW ) |
| LONGFORD CAPITAL FUND III, LP, A Delaware Limited Partnership, | ) **PUBLIC VERSION FILED** ) ) **FEBRUARY 13, 2024** |
| Defendant. | ) ) ) |

## DEFENDANT LONGFORD CAPITAL FUND III, LP'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF ARIGNA TECHNOLOGY LIMITED'S <u>MOTION TO ENJOIN ARBITRATION</u>

OF COUNSEL:

John N. Gallo
Jeffrey S. Eberhard
Blake Edwards
GAIR GALLO EBERHARD LLP
1 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
Telephone (312) 600-4900
jgallo@gairgallo.com
jeberhard@gairgallo.com
bedwards@gairgallo.com

Dated: February 6, 2024

Kevin G. Abrams (#2375)
John M. Seaman (#3868)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
Telephone: (302) 778-1000
abrams@abramsbayliss.com
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Defendant Longford Capital Fund III, LP*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

RESPONSE TO ARIGNA'S STATEMENT OF FACTS..........................................................2

LEGAL STANDARD..............................................................................................................3

ARGUMENT ..........................................................................................................................4

I.  ARIGNA'S MOTION VIOLATES THE PARTIES' AGREEMENT TO DELEGATE ISSUES OF ARBITRABILITY TO THE ARBITRATOR...........................4

II. ARIGNA FAILS TO SUPPORT ITS MOTION WITH COMPETENT EVIDENCE....................................................................................................................5

III. ARIGNA FAILS TO ESTABLISH ANY OF THE ELEMENTS REQUIRED TO OBTAIN A PRELIMINARY INJUNCTION .........................................6

    A.  Arigna Cannot Establish Likelihood of Success on the Merits. ..............................6

    B.  Arigna Has Not Shown It Will Suffer Irreparable Harm without an Injunction. ...............................................................................................................7

    C.  The Balance of the Equities Favors Denying Arigna's Motion...............................9

    D.  Granting Arigna's Motion Would Not Be in the Public Interest. ..........................10

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*(Ltd.) v. United States*,
    2019 WL 1025247 (D. Del. Mar. 4, 2019) ...............................................................................11

*In re Abeinsa Holding, Inc.*,
    2016 WL 5867039 (Bankr. D. Del. Oct. 6, 2016) ......................................................................9

*AffiniPay, LLC v. West*,
    2021 WL 4262225 (Del. Ch. Sept. 17, 2021) ........................................................................9, 10

*Al-Haddad Bros. Enters., Inc. v. M.S. Agapi*,
    551 F. Supp. 956 (D. Del. 1982) ................................................................................................4

*American Life Ins. Co. v. Parra*,
    25 F. Supp. 2d 467 (D. Del. 1998) .............................................................................................9

*Bestway (USA), Inc. v. Sgromo*,
    2018 WL 4677681 (N.D. Cal. Sept. 27, 2018) ........................................................................11

*Blanton v. Domino's Pizza Franchising LLC*,
    962 F.3d 842 (6th Cir. 2020) ......................................................................................................4

*Capstone Assoc. Servs. (Wyoming) LP v. Organizational Strategies, Inc.*,
    2014 WL 2195197 (D. Del. May 23, 2014) ...............................................................................7

*City of Houston v. Williams*,
    353 S.W.3d 128 (Tex. 2011) ......................................................................................................6

*Commercializadora Portimex S.A. de C.V. v. Zen-Noh Grain Corp.*,
    373 F. Supp. 2d 645 (E.D. La. 2005) .......................................................................................12

*Cup v. Ampco-Pittsburgh Corp.*,
    2017 WL 3316248 (W.D. Pa. Aug. 3, 2017) ...........................................................................11

*Ferring Pharms., Inc. v. Watson Pharms., Inc.*,
    765 F.3d 205 (3d Cir. 2014) .......................................................................................................4

*Flowserve Corp. v. Burns Int'l Servs. Corp.*,
    423 F. Supp. 2d 433 (D. Del. 2006) ......................................................................................7, 11

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019) .................................................................................................................8

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) .....................................................................................................................8

*LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*,
    459 S.W.3d 720 (Tex. App. 2015) ............................................................................................6

*Munaf v. Green*,
    533 U.S. 674 (2008) ..................................................................................................................5

*Omnium Lyonnais D'Etancheite et Revetement Asphalte v. Dow Chemical Co.*,
    441 F. Supp. 1385 (C.D. Cal. 1977) ........................................................................................11

*PaineWebber Inc. v. Hartmann*,
    921 F.2d 507 (3d Cir. 1990) ..................................................................................................8, 9

*Qwest Comms. Int'l Inc. v. Nat'l Union Fire Ins. Co.*,
    821 A.2d 323 (Del. Ch. 2002) ...................................................................................................8

*Saucier v. Plummer*,
    611 F.3d 286 (5th Cir. 2010) .....................................................................................................6

*Specialty Bakeries, Inc. v. RobHal, Inc.*,
    961 F. Supp. 822 (E.D. Pa. 1997) ............................................................................................11

*Stateside Machinery Co. v. Alperin*,
    526 F.2d 480 (3d Cir. 1975) ......................................................................................................7

*Swerdlick v. Am. Compressed Gases, Inc.*,
    2015 WL 1422046 (D.N.J. Mar. 26, 2015) ....................................................................9, 10, 11

*United States v. State of Tex.*,
    523 F. Supp. 703 (E.D. Tex. 1981) ...........................................................................................6

*Vertigo Media, Inc. v. Earbuds Inc.*,
    2021 WL 4806410 (D. Del. Oct. 14, 2021) ...........................................................................2, 5

*In re Weekley Homes, L.P.*,
    18 S.W.3d 127 (Tex. 2005) .......................................................................................................7

*Winter v. Natural Resources Defense Council, Inc.*,
    555 U.S. 7 (2008) ............................................................................................................3, 4, 5

*Zirpoli v. Midland Funding, LLC*,
    48 F.4th 136 (3d Cir. 2022) ............................................................................................2, 4, 5, 8

*Zosky v. Boyer*,
    856 F.2d 554 (3d Cir. 1988) ......................................................................................................7

**Other Authorities**

11A Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 2949 (3d ed.) .........................................................................5

Defendant Longford Capital Fund III, LP ("Longford"), by its undersigned counsel, respectfully submits this Answering Brief in Opposition to Plaintiff Arigna Technology Limited's ("Arigna") Motion to Enjoin Arbitration. (D.I. 21).[1]

## **INTRODUCTION**

This action stems from Arigna's multiple contractual breaches relating to its ▮▮▮▮▮ ▮▮▮▮▮▮▮. Those breaches include Arigna's failure to cause the settlement proceeds to be deposited into a joint-order escrow account, its refusal to pay Longford its share of the settlement proceeds, and its attempt to "apportion" the settlement proceeds amongst Arigna and its affiliates contrary to the terms of the parties' agreement. (*See generally* D.I. 18, Ex. 1.)

Arigna filed this action to justify its breaches and, by filing the action in this Court, committed a breach of the parties' agreement to arbitrate all disputes. In its Opening Brief in Support of Motion to Compel Arbitration (D.I. 18), Longford established that Arigna agreed to arbitrate disputes under the Engagement Agreement, that Longford could enforce that arbitration agreement, that the Funding Agreement between Longford and Susman Godfrey LLP ("Susman") also contained an arbitration provision, and that Arigna was bound by that agreement, as well. Arigna opposed Longford's motion and responded with a Motion to Enjoin Arbitration. (D.I. 21.)

Arigna's Motion to Enjoin Arbitration seeks to have the wrong tribunal—this Court—determine the issue of arbitrability, the proper parties to that arbitration, and the scope of the arbitration. But both agreements that Arigna attached to its Complaint delegate that role to the arbitrator. (Compl. Ex. A at p. 16; Compl. Ex. B, Section 9.4.) Third Circuit precedent requires

---

[1] In further opposition to Arigna's Motion to Enjoin Arbitration, Longford references and incorporates herein its Opening Brief (D.I. 18) and Reply Brief (D.I. 26-27) in Support of Its Motion to Compel Arbitration and Dismiss or, in the Alternative, to Stay Pending Arbitration, which set forth numerous grounds that warrant denial of Arigna's motion.

upholding that agreement: "[P]arties to a contract may delegate questions of arbitrability to an arbitrator. If parties clearly and unmistakably make this choice, then district courts generally must send threshold questions of arbitrability to arbitration to comply with the parties' agreement." *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 138 (3d Cir. 2022). The injunction Arigna seeks should be denied.

Additionally, Arigna falls short of the "clear showing" needed to obtain the "extraordinary remedy" of a preliminary injunction. Arigna's motion is supported only with conclusory assertions and lacks any evidentiary support. This is insufficient for Arigna to satisfy its burden of showing an entitlement to a preliminary injunction. *See Vertigo Media, Inc. v. Earbuds Inc.*, 2021 WL 4806410, at *5 (D. Del. Oct. 14, 2021).

Finally, Arigna cannot satisfy any element necessary to obtain a preliminary injunction. Arigna is not likely to succeed on the merits because there are four separate bases requiring it to arbitrate its dispute with Longford. (D.I. 18.) Arigna fails to establish any harm, let alone irreparable harm, resulting from requiring it to arbitrate in an arbitral forum (JAMS arbitration in Houston) to which it contractually agreed in the Engagement Agreement. The balance of equities strongly favors denying Arigna's motion, given the federal policy favoring arbitration, the fact that Arigna agreed to arbitrate, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Finally, Arigna fails to show that granting its motion, and thereby impeding resolution of this dispute in arbitration, would be in the public interest.

### RESPONSE TO ARIGNA'S STATEMENT OF FACTS

Arigna's Statement of Facts consists of assertions that are largely contradicted by the language of the Engagement Agreement and the Funding Agreement and defy common sense. Longford's Reply Brief addresses the numerous incorrect assertions in Arigna's brief. (D.I. 26.) Also, Arigna fails to provide this Court with the full picture of the parties' relationship, ignoring

2

key facts and provisions of the Engagement Agreement and Funding Agreement. For example, Arigna contends that the Engagement Agreement and Funding Agreement are two separate and distinct agreements but ignores that they are both exhibits to one another; Arigna owes Longford direct obligations under the Engagement Agreement and Funding Agreement; and Arigna expressly manifested its assent to its obligations in the Funding Agreement in both agreements. (Compl. Ex. A at pp. 2-3, 18 and Exhibit G thereto; Compl. Ex. B, Section 3.4 and 6.2(n) and Exhibit B thereto.)

In addition, Arigna contends that it received no benefit from Longford's funding. But this is spurious given that Longford paid ███████ to cover fees to Arigna's counsel and expenses to pursue Arigna's patent enforcement litigation. Finally, in a dispute regarding the amount Arigna owes for litigation funding, Arigna makes the remarkable assertion that it does not utilize litigation funding and had nothing to do with the parties' funding arrangement in this case. That is incorrect. (D.I. 27, Nicolas Declaration.)

No supposed factual "disputes" need be resolved to grant Longford's Motion to Compel Arbitration and deny Argina Motion to Enjoin. Instead, the Court need only apply the language of the parties' agreement, including their agreement to delegate issues of arbitrability to the arbitrator.

**LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "The movant bears the burden of showing that these four factors weigh in favor of granting the injunction," and "[t]he failure to establish any element renders a preliminary injunction inappropriate." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (alteration, quotation marks and citation

3

omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## ARGUMENT

I. **ARIGNA'S MOTION VIOLATES THE PARTIES' AGREEMENT TO DELEGATE ISSUES OF ARBITRABILITY TO THE ARBITRATOR**

Arigna's request that this Court enjoin the pending arbitration proceeding itself violates the parties' agreement. The Engagement Agreement—to which Arigna is a party—clearly and unmistakably delegates arbitrability to the arbitrator. (Compl. Ex. A at p. 16.) That the arbitrator (not the Court) has the sole authority to decide the issue of arbitrability is reinforced by the Engagement Agreement's incorporation of JAMS Rules. (*Id.*) Those rules state that the arbitrator shall decide the proper parties to an arbitration. JAMS Comprehensive Arbit. R. & Proc., R. 11.

The Court should uphold the parties' agreement and compel arbitration. *See Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 144–45 (3d Cir. 2022) (holding that, where agreement delegated arbitrability to arbitrator, whether non-signatory may enforce arbitration agreement against signatory must be decided by the arbitrator); *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842 (6th Cir. 2020); *Al-Haddad Bros. Enters., Inc. v. M.S. Agapi*, 551 F. Supp. 956, 960 (D. Del. 1982) (granting stay pending arbitrator's ruling on arbitrability with non-signatory).

That Arigna disputes the existence of an arbitration agreement *with Longford* does not change that result. Arigna does not dispute that it agreed to arbitrate in the Engagement Agreement, that Longford and the Funding Agreement are repeatedly referenced in the Engagement Agreement, that the Funding Agreement is attached as an exhibit to the Engagement Agreement, or that Arigna delegated the issue of arbitrability to the arbitrator in the Engagement Agreement. Thus, the *existence* of an agreement to arbitrate by Arigna cannot seriously be disputed. The only issue is whether Longford, a non-signatory to the Engagement Agreement, can enforce its

4

requirement to arbitrate. That was the precise issue addressed in *Zirpoli*, and the Third Circuit squarely held that this threshold question of arbitrability is a matter for the arbitrator, and not the court, to decide. 48 F.4th at 144. The same is true here, and the Court should deny Arigna's motion.

## II. ARIGNA FAILS TO SUPPORT ITS MOTION WITH COMPETENT EVIDENCE

If the Court addresses Arigna's Motion, it should deny it. "A preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Green*, 533 U.S. 674, 689 (2008), that cannot be granted without a "clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "To make such a 'clear showing,' the moving party must put forth evidence supporting its claims, and neither attorney argument nor the allegations in the complaints suffice." *Vertigo Media, Inc. v. Earbuds Inc.*, 2021 WL 4806410, at *5 (D. Del. Oct. 14, 2021); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2949 at 237 (3d ed.) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.").

Arigna fails to support its motion with competent evidence. The only purported evidence appended to Arigna's motion is the declaration of Gerald Padian. (D.I. 23.) But that declaration contains no facts pertaining to the elements necessary for a preliminary injunction. Instead, the declaration addresses only what Arigna (falsely) contends are the facts relating to its need for litigation funding and how the funding arrangement in this case arose.

However, Arigna provides no factual support for numerous assertions in its motion, such as the assertion it will supposedly "suffer the inconvenience, cost, harm, and delay associated with a protracted arbitration…" (D.I. 22 at p. 19.) Arigna provides no evidentiary basis on which the Court may make any findings regarding any harm it might suffer by having to arbitrate or any of the factors impacting the balance of equities and public interest prongs. All Arigna provides are conclusory assertions. On that basis alone, Arigna's motion should be denied.

5

## III. ARIGNA FAILS TO ESTABLISH ANY OF THE ELEMENTS REQUIRED TO OBTAIN A PRELIMINARY INJUNCTION

Arigna's motion to enjoin arbitration fails to meet any of the four requirements for the issuance of a preliminary injunction, and thus should be denied on that basis, as well.

### A. Arigna Cannot Establish Likelihood of Success on the Merits.

For all the reasons stated in Longford's Opening and Reply Briefs, Arigna is unlikely to succeed on the merits. Longford has established why it may compel Arigna to arbitrate against it:

- The Funding Agreement and the Engagement Agreement form a single agreement among Longford, Susman, and Arigna. They are replete with references to each other, incorporate each other as exhibits, were negotiated together, and were executed on the same day. They should be read together to require Arigna to arbitrate with Longford. *See LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 728 (Tex. App. 2015).

- Arigna's agent, Susman, signed the Funding Agreement, which Arigna ratified by executing the Engagement Agreement, of which the Funding Agreement is an exhibit. Arigna also provided a "Client Acknowledgement" in the Engagement Agreement authorizing the Funding Agreement and agreeing to be bound by it. Therefore, Arigna is bound to arbitrate with Longford under the Funding Agreement. *See Saucier v. Plummer*, 611 F.3d 286, 288 (5th Cir. 2010); *United States v. State of Tex.*, 523 F. Supp. 703, 711 (E.D. Tex. 1981).

- Longford is a third-party beneficiary of the Engagement Agreement. Even Arigna's own Complaint concedes that Arigna owes Longford certain obligations under the Engagement Agreement. (Compl. ¶¶ 10, 16. 19.) In the Engagement Agreement, Arigna granted Longford a right to be paid from Proceeds and a lien to enforce its rights. That suffices to establish that Longford is a third-party beneficiary. *See City of Houston v. Williams*, 353 S.W.3d 128, 145-46 (Tex. 2011).

- Arigna is estopped from resisting arbitration under the Funding Agreement because it sought and obtained direct benefits under the Funding Agreement—legal representation by Susman at no out-of-pocket cost. *See In re Weekley Homes, L.P.*, 18 S.W.3d 127 (Tex. 2005).

Arigna has acknowledged the existence of these bases for compelling arbitration, and the plain language of the agreements establishes their applicability here. Arigna's contrary arguments depend on reading certain contractual provisions in isolation, ignoring others altogether, and

6

drawing conclusions that are refuted by the agreements' express terms. (D.I. 26 at pp. 3-9.) For the same reasons this Court should grant Longford's Motion to Compel Arbitration, it should deny Arigna's Motion to Enjoin Arbitration.

### B. Arigna Has Not Shown It Will Suffer Irreparable Harm without an Injunction.

"[A] showing of irreparable harm has been considered the most important prerequisite for the issuance of an injunction." *Flowserve Corp. v. Burns Int'l Servs. Corp.*, 423 F. Supp. 2d 433, 438 (D. Del. 2006). Allowing arbitration to proceed before JAMS in Houston—the tribunal and forum Arigna agreed to in its Engagement Agreement—will cause no harm to Arigna. *See Zosky v. Boyer*, 856 F.2d 554, 561 (3d Cir. 1988) ("no irreparable harm will be done to either party by requiring arbitration without an interlocutory appeal"); *Stateside Machinery Co. v. Alperin*, 526 F.2d 480, 483 (3d Cir. 1975) ("the harm which may result from denial of the motion [to stay arbitration] hardly seems irreparable"); *Capstone Assoc. Servs. (Wyoming) LP v. Organizational Strategies, Inc.*, 2014 WL 2195197, at *1 (D. Del. May 23, 2014) ("the only harm to Plaintiffs at this stage is that they would be subjected to the extra expense of a second arbitration").

If, in the face of contrary contractual provisions, Arigna wants to contest arbitration, it may do so in arbitration—the forum in which it agreed such disputes would be resolved. Having the arbitrator decide that dispute does not impose harm on Arigna justifying an injunction.

Arigna's leading authority for irreparable harm is *PaineWebber Inc. v. Hartmann*, 921 F.2d 507 (3d Cir. 1990), but that case does not support an injunction here. Although the *PaineWebber* court found there would be irreparable harm "if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to the arbitrator's own determination of his authority," *id.* at 514, it did so in an entirely different and inapplicable context and has since been abrogated in any event.

7

The issue in *PaineWebber* was not whether there was an agreement to arbitrate. Instead, it was whether a substantive bar to arbitration under NASD rules applied. 921 F.2d at 509. On that particular issue—which is irrelevant here—the Supreme Court has since abrogated *PaineWebber*. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 86 (2002) (applicability of NASD rule limiting arbitrability of claims is issue for arbitrator and not the court to decide).

*Howsam* is one of several decisions reflecting the Supreme Court's consistent directive to enforce provisions delegating arbitrability to the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527–28 (2019) (holding that courts must respect arbitration provisions' delegation of arbitrability to the arbitrator); *see also Zirpoli*, 48 F.4th at 144–45 (whether non-signatory could enforce arbitration provision "must be decided by the arbitrator, not a court").

Both the Funding Agreement and Engagement Agreement contain provisions delegating arbitrability to the arbitrator. Enforcing those provisions is an obligation flowing from the precedents of the Supreme Court and the Third Circuit. Requiring Arigna to submit disputes to arbitration cannot constitute irreparable harm regardless of the ultimate outcome of Arigna's objection to arbitrability.

Arigna's remaining authorities are inapposite. In *Qwest Comms. Int'l Inc. v. Nat'l Union Fire Ins. Co.*, 821 A.2d 323, 329 (Del. Ch. 2002), the contract documents provided Qwest the right to elect either binding arbitration or mediation. The court enjoined the arbitration because Qwest had elected mediation, and proceeding with binding arbitration would have deprived Qwest of its contractual choice. Here, the arbitration provisions of both the Funding Agreement and Engagement Agreement are mandatory. Continuing the arbitration does not deprive Arigna of any contractual right. In *American Life Ins. Co. v. Parra*, 25 F. Supp. 2d 467, 473 (D. Del. 1998), the court relied on *PaineWebber* to find irreparable harm, but *PaineWebber* was subsequently

8

abrogated by the Supreme Court and did not involve a delegation clause. The language Arigna quotes from *In re Abeinsa Holding, Inc.*, 2016 WL 5867039, at *2 (Bankr. D. Del. Oct. 6, 2016), was the court's recital of proceedings in the District of Oregon, not any reasoning or holding of the Delaware court.

        C.      **<u>The Balance of the Equities Favors Denying Arigna's Motion.</u>**

"Enjoining or staying the arbitration proceedings would deny [Longford] the speedy and efficient resolution of this matter through mandated arbitration." *Swerdlick v. Am. Compressed Gases, Inc.*, 2015 WL 1422046, at *9 (D.N.J. Mar. 26, 2015). The balance of the equities therefore favors denying Arigna's motion.

Arigna's lone authority, *AffiniPay, LLC v. West*, 2021 WL 4262225, at *10 (Del. Ch. Sept. 17, 2021), is not on-point here. In *AffiniPay*, the parties had multiple arbitration agreements, and the plaintiff brought claims in the forum and under the rules specified by one of the agreements. The court stayed that arbitration because the plaintiff's claims arose under a different agreement with a different specified forum and procedure, and the defendant had not agreed to arbitrate such claims in that forum or under those rules. Here, it is undisputed that Arigna agreed, in the Engagement Agreement, to arbitrate before JAMS in Houston, ███████████████ ███████████████████████ There is nothing inequitable about requiring to Arigna arbitrate in its contractually-mandated forum.

That conclusion is bolstered by the fact that Arigna cannot even articulate who or what it is seeking to enjoin. Arigna's various filings ask for at least four distinct varieties of relief. In its Motion, Arigna moves "to enjoin *Arigna's* participation in an arbitration filed by Defendant Longford Capital Fund, III, LP." (D.I. 21 (emphasis added).) In its Proposed Order, Arigna seeks an order enjoining *Longford* "from pursuing its arbitration demand against Arigna." And in its Opening Brief, Arigna seeks "[t]o enjoin the Arbitration" (D.I. 22 at 18) and, elsewhere, "an

9

injunction prohibiting Longford from compelling an Arbitration to which Arigna did not agree." (*Id.* at 20.) It is unclear who Arigna seeks to enjoin—Arigna, Longford, or the arbitration itself—or from what conduct that party should be enjoined—participating in an arbitration, pursuing an arbitration demand, compelling arbitration, or the entire arbitration proceeding.

These distinctions make a difference and highlight why the equities warrant denial of Arigna's motion. 

The relief Arigna seeks would reach beyond the outer bounds of the dispute before this Court to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. "Enjoining or staying the arbitration proceedings would deny Defendant[ ] the speedy and efficient resolution of this matter through mandated arbitration." *Swerdlick v. Am. Compressed Gases, Inc.*, 2015 WL 1422046, at *9 (D.N.J. Mar. 26, 2015). The balance of the equities favor denying Arigna's motion.

### D. Granting Arigna's Motion Would Not Be in the Public Interest.

Finally, Arigna has not established that enjoining the arbitration would be in the public interest. "There is a strong public interest in favor of arbitration—which is intended to be a more efficient, cost-effective method to quickly resolve disputes between parties. Staying the arbitration proceedings . . . would defeat those goals." *Cup v. Ampco-Pittsburgh Corp.*, 2017 WL 3316248, at *3 (W.D. Pa. Aug. 3, 2017); *see also Specialty Bakeries, Inc. v. RobHal, Inc.*, 961 F. Supp. 822, 829 (E.D. Pa. 1997) ("the public interest is served by preserving the integrity of the arbitration

10

process under the Federal Arbitration Act"); *Swerdlick*, 2015 WL 1422046, at *9 ("The Third Circuit has recognized 'the strong public and private interest in maintaining an effective grievance/arbitration process to settle disputes.'") (quoting *Dykes v. Se. Penn. Transp. Auth.*, 68 F.3d 1564, 1572 (3d Cir. 1995)); *G2A.COM Sp. Z o.o (Ltd.) v. United States*, 2019 WL 1025247, at *2 (D. Del. Mar. 4, 2019) ("The public interest is served by promoting stability in international contracts by enforcing bargained for arbitration clauses.") (quoting *Nw. Airlines, Inc. v. R&S Co.*, 176 F. Supp. 2d 935, 942–43 (D. Minn. 2001)).

Arigna's authorities are not pertinent to the parties' dispute. In *Bestway (USA), Inc. v. Sgromo*, 2018 WL 4677681, at *1–2 (N.D. Cal. Sept. 27, 2018), the court enjoined the defendant from proceeding with an arbitration where the defendant litigated for 16 months before moving to compel arbitration, and the court had already denied the defendant's motion to compel. *Flowserve*, 423 F. Supp. 2d at 437, dealt with an indemnification agreement pertaining to 3,500 asbestos lawsuits. The court enjoined the plaintiff from hiring new counsel to settle those 3,500 lawsuits while the Court determined the rights and obligations of the parties under the indemnification agreement. *Id.* at 441.

Arigna's remaining authorities deal with courts protecting the efficacy of their judgments. In *Omnium Lyonnais D'Etancheite et Revetement Asphalte v. Dow Chemical Co.*, 441 F. Supp. 1385 (C.D. Cal. 1977), the plaintiffs violated the court's orders by using discovery materials in parallel, foreign litigation. The court therefore enjoined the plaintiffs from enforcing any judgment obtained in the foreign litigation. In *Commercializadora Portimex S.A. de C.V. v. Zen-Noh Grain Corp.*, 373 F. Supp. 2d 645 (E.D. La. 2005), the plaintiff sued in a U.S. court and lost, then filed a duplicative suit in Mexico. The court enjoined the duplicative Mexican suit. The Court here has not entered any order regarding arbitration. Arigna's cases do not support an injunction.

## **CONCLUSION**

Arigna's Motion to Enjoin Arbitration (D.I. 21) should be denied.

| | |
|---|---|
| | */s/ Christopher Fitzpatrick Cannataro* |
| OF COUNSEL: | Kevin G. Abrams (#2375) |
| | John M. Seaman (#3868) |
| John N. Gallo | Christopher Fitzpatrick Cannataro (#6621) |
| Jeffrey S. Eberhard | ABRAMS & BAYLISS LLP |
| Blake Edwards | 20 Montchanin Road, Suite 200 |
| GAIR GALLO EBERHARD LLP | Wilmington, Delaware 19807 |
| 1 East Wacker Drive | Telephone: (302) 778-1000 |
| Suite 2600 | abrams@abramsbayliss.com |
| Chicago, Illinois 60601 | seaman@abramsbayliss.com |
| Telephone (312) 600-4900 | cannataro@abramsbayliss.com |
| jgallo@gairgallo.com | |
| jeberhard@gairgallo.com | *Attorneys for Defendant Longford Capital Fund III,* |
| bedwards@gairgallo.com | *LP* |

Dated: February 6, 2024