IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1441-GBW |
| | ) | |
| LONGFORD CAPITAL FUND, III, LP, et. al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPENING BRIEF IN SUPPORT OF
## BAYERISCHE MOTOREN WERKE AG'S MOTION TO INTERVENE OR IN THE
## <u>ALTERNATIVE TO DISMISS UNDER RULE 12(b)(7)</u>

<div style="float:right">

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff- Intervenor*
*Bayerische Motoren Werke AG*

</div>

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Dated: February 14, 2024

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION: BMW SEEKS TO INTERVENE IN THIS ACTION BEFORE ANY SUBSTANTIVE DECISION ON THE MERITS HAS OCCURRED.………...1

II.  NATURE AND STAGE OF THE PROCEEDINGS: BMW SEEKS TO INTERVENE LESS THAN TWO MONTHS AFTER THE ABOVE-CAPTIONED ACTION WAS FILED TO PROTECT ITS INTEREST TO THE FUNDS IN DISPUTE………………………………………………………...…………1

III. SUMMARY OF THE ARGUMENT: BMW MEETS ALL OF THE CRITERIA TO INTERVENE AS OF RIGHT, OR ALTERNATIVELY, TO BE DECLARED AN INDISPENSABLE PARTY TO THE ACTION …...……………………………….2

IV.  STATEMENT OF FACTS: ARIGNA OWES BMW SIGNIFICANT FUNDS FROM ARIGNA'S UNSUCCESSFUL INFRINGEMENT ASSERTIONS AGAINST BMW IN GERMANY……………………………………………………………...…3

    A. Arigna Through Its Counsel Susman Secured Funding and Representation from Longford for Its Enforcement Campaigns...………………………………………4

    B. Arigna's Patent Litigations Against BMW Stretch Back to 2021 and Span Multiple Jurisdictions and Countries…...………………………………………5

    C. Arigna's Developing Pattern of Avoiding Paying Its Creditors…………………7

V.   ARGUMENT: BMW SHOULD BE ALLOWED TO INTERVENE IN THIS SUIT TO SECURE ITS INTEREST IN MONEY OWED BY ARIGNA FROM ARIGNA'S SETTLEMENT FUNDS………………………………………………………………7

    A. BMW Satisfies the Criteria for Intervention of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2).……………………………………………………..7

        1. BMW has an interest in the settlement funds disputed between Arigna and Longford, because BMW has a claim on at least some of those funds………...8

        2. Disposition of settlement funds between Arigna and Longford will practically impair BMW's ability to collect its share of those funds………………….......9

        3. Arigna and Longford do not represent BMW's interests, as they both claim funds owed to BMW………………………………………………..……10

        4. BMW timely moved to intervene.…………………………………….…11

B.  BMW also Satisfies the Criteria for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)…………………………………………...………...…..13

C.  Alternatively, If the Court Finds BMW Cannot Join, BMW Satisfies the Criteria as an Indispensable Party Under Federal Rule of Civil Procedure 19(b) and the Court Must Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(7)……...13

1.  BMW qualifies as a necessary party under Rule 19(a)…………...………..15

2.  BMW's entitlement to funds from Arigna makes it an Indispensable Party under Rule 19(b) that warrants dismissal if this court should find intervention inappropriate and subject matter jurisdiction lacking…………………...…15

VI.  CONCLUSION: BMW SHOULD BE GRANTED LEAVE TO INTERVENE IN THIS ACTION TO PROTECT ITS INTEREST IN THE DISPUTED FUNDS……17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Action v. Bachman Foods*,
   668 F.2d 76 (1st Cir. 1982) ................................................................... 15

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*,
   701 F.3d 938 (3d Cir. 2012) .................................................................... 8

*Commonwealth of Pennsylvania v. President United States of Am.*,
   888 F.3d 52 (3d Cir. 2018) ....................................................................... 9

*Development Fin. Corp. v. Alpha Hous. & Health Care*,
   54 F.3d 156 (3d Cir. 1995) ............................................................... 10, 11

*Gaines v. Dixie Carriers, Inc.*,
   434 F.2d 52 (5th Cir. 1970) .................................................................. 8, 9

*Gen. Refractories Co. v. First State Ins.*,
   500 F.3d 306 (3d Cir. 2007) ................................................................... 13

*Hardy–Latham v. Wellons*,
   415 F.2d 674 (4th Cir. 1968) ............................................................... 8, 9

*Harris v. Pernsley*,
   820 F.2d 592 (3d Cir. 1987) ..................................................................... 7

*Intellectual Ventures I LLC et al v. AT&T Mobility LLC et al*,
   No. 12-cv-193, 2014 WL 4445953 (D. Del. Sept. 8, 2014) ...................... 8

*Johnson & Johnson v. Coopervision, Inc.*,
   720 F. Supp. 1116 (D. Del. 1989) ............................................... 14, 15, 16

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*,
   201 F.R.D. 337 (D. Del. 2001) ............................................................... 14

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998) ..................................................................... 9

*Laws. Title Ins. Corp. v. Prestige Title, Inc.*,
No. 1:09-cv-170, 2009 WL 2032406 (S.D. Miss. July 9, 2009)........................................ 14, 15

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
419 F.3d 216 (3d Cir. 2005)........................................................................................... 8, 13, 14

*Matter of Tr. Established Under Pooling & Serv. Agreement*,
No. 19-cv-1387, 2021 WL 4551598 (D. Minn. Oct. 5, 2021)........................................... 14, 15

*MiiCs & Partners, America, Inc. et al v. Toshiba Corp. et al*,
No.14-cv-803, 2016 WL 11488672 (D. Del. June 15, 2016) ................................................... 11

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995)........................................................................................... 8, 10, 11

*Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*,
49 F.4th 866 (3d Cir. 2022) ................................................................................................... 13

*Pennsylvania Manufacturers Indem. Co. v. Six Continents Hotels, Inc.*,
No. 22-cv-1603, 2023 WL 7217063 (D. Del. Nov. 2, 2023).................................................... 13

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
390 U.S. 102 (1968)................................................................................................................ 15

*Samuel-Bassett v. KIA Motors Am., Inc.*,
357 F.3d 392 (3d Cir. 2004).................................................................................................... 13

*Schulman v. J.P. Morgan Inv. Mgmt., Inc.*,
35 F.3d 799 (3d Cir. 1994)...................................................................................................... 13

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972)................................................................................................................ 10

*United States v. Territory of Virgin Islands*,
748 F.3d 514 (3d Cir. 2014).................................................................................................... 12

**Federal Statutes**

28 U.S.C. § 1332...................................................................................................................... 13

**Rules**

Fed. R. Civ. P. 12(b)(7) .................................................................................. 12, 13, 16

Fed. R. Civ. P. 19(a) ........................................................................................ 14

Fed. R. Civ. P. 19(b) ...................................................................................... 12, 13, 16

Fed. R. Civ. P. 24(a)(2) .................................................................................. *passim*

Fed. R. Civ. P. 24(b)(1) .................................................................................. 4, 12

**I.     INTRODUCTION: BMW SEEKS TO INTERVENE IN THIS ACTION BEFORE ANY SUBSTANTIVE DECISION ON THE MERITS HAS OCCURRED**

Plaintiff-Intervenor Bayerische Motoren Werke AG ("BMW") respectfully submits this Opening Brief in Support of its Motion to Intervene and participate in the litigation of the above-captioned cased pursuant to Rule 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure. Alternatively, BMW requests that this Court dismiss the instant action pursuant to Rule 12(b)(7).

**II.    NATURE AND STAGE OF THE PROCEEDINGS: BMW SEEKS TO INTERVENE LESS THAN TWO MONTHS AFTER THE ABOVE-CAPTIONED ACTION WAS FILED TO PROTECT ITS INTEREST TO THE FUNDS IN DISPUTE**

On December 18, 2023, Irish entity Arigna Technology Limited ("Arigna") filed its original Complaint seeking declaratory relief from Longford Capital Fund, III, LP ("Longford"), asking the court to declare the extent of its obligation to pay Longford from a pool of funds obtained from a global settlement of a recent patent litigation campaign brought by Arigna, of which there are many. D.I. 1. Longford responded by filing a Motion to Compel Arbitration and Dismiss, or in the alternative, to Stay Pending Arbitration on January 9, 2024. D.I. 17. Thereafter, on January 23, 2024, Arigna moved for this Court to enjoin Arbitration. D.I. 21. Critically, in its motion to enjoin, Arigna and its Director, Gerald Padian, describe how Arigna, Longford, and Arigna's outside counsel Susman Godfrey L.L.P. ("Susman") apparently worked together to circumvent Irish champerty laws, by (1) channeling litigation funds directly from Longford to Susman, and (2) further moving and sheltering money earned during Arigna's litigation campaigns. D.I. 24 at 3 (citing Gerald Padian's declaration for his statement that "[w]hile Arigna does not utilize litigation funding because of, among other reasons, Irish champerty laws, Arigna did not object to Susman's desire to diversify its contingency risk with litigation funding from Longford"), D.I. 25, ¶¶ 3-6 (declaring that Arigna wanted to obtain contingent fee representation,

did not object to Susman seeking funding, and learned of Longford's attempted control of Arigna's settlement payments by directing Susman to notify the payor of Longford's interest). The matter is set to be fully briefed per the Local Rules as of February 13, 2024.

BMW learned of this suit in late December 2023, and now, moves to intervene to protect its right and interest in funds Arigna owes BMW as a result of a series of campaigns—indirectly backed by Longford—Arigna brought against BMW in several district courts throughout the country, the International Trade Commission, and in Germany. This motion concerns the proceedings and fall out from Arigna losing its campaign against BMW in Germany. Specifically, in Germany, Arigna has lost two proceedings against BMW, has had final judgments entered against it since December 2022 and March 2023, respectfully, and—prior to this suit—has been ordered to pay costs and attorneys' fees to BMW pursuant to Germany statutory law. To this point, Arigna has not satisfied its obligations and has instead reduced the company capital. Thus, BMW has a claim to the funds Arigna and Longford dispute in this case.

## III.  SUMMARY OF THE ARGUMENT: BMW MEETS ALL OF THE CRITERIA TO INTERVENE AS OF RIGHT, OR ALTERNATIVELY, TO BE DECLARED AN INDISPENSABLE PARTY TO THE ACTION

Granting BMW's motion to intervene promotes judicial economy. Each of the factors that the Court should consider for an intervening party as a matter of right weigh in favor of granting intervention.

1.  *First*, BMW has an interest in the transaction that is the subject of this action. A party does not have to be interested in each and every aspect of the litigation to justify intervention; rather, a specific issue with a significantly protectable interest is enough. Here, BMW demonstrates a significantly protectable interest in the funds in dispute to cover court costs and fees owed to it by Arigna due to Arigna's losses to BMW in Germany.

2.    *Second*, BMW would be impaired without intervening for multiple reasons. Arigna has demonstrated an ability and willingness to reduce its capital abroad to insulate itself from paying fees to BMW in Germany. Likewise, resolution of the dispute between Arigna and Longford necessarily precludes BMW's ability and rights to collect the funds Arigna owes BMW.

3.    *Third*, BMW has a unique interest in the nature of the transaction. And because both Arigna and Longford are both adverse to the interests of BMW—each claiming rights to funds owed to BMW—neither party can adequately satisfy or protect BMW's interest in its absence.

4.    *Fourth*, BMW has timely moved for intervention. The proceedings have been open for less than 2 months and no substantive proceedings on the merits have transpired. Thus, neither Arigna nor Longford would suffer prejudice from BMW's early entrance into the suit.

5.    *Fifth*, alternatively, BMW, by showing its right to intervene under Rule 24(a)(2), also qualifies as a necessary party under Rule 19(a)(1)(B)(i). All of the Rule 19(b) factors weigh in favor of finding BMW as an indispensable party such that this Court should dismiss the action for failure to join a necessary party pursuant to Rule 12(b)(7).

## IV.   STATEMENT OF FACTS: ARIGNA OWES BMW SIGNIFICANT FUNDS FROM ARIGNA'S UNSUCCESSFUL INFRINGEMENT ASSERTIONS AGAINST BMW IN GERMANY

BMW seeks to intervene in this declaratory judgment action to assert its rights to protect funds that Arigna owes BMW as the result of Arigna's unsuccessful litigation campaign against BMW in Germany. Arigna filed several patent-related cases in Germany, all of which BMW won—two have been finally adjudicated in BMW's favor and two more await final determination for BMW. As fee shifting is mandatory under German law, the German courts have already

determined that Arigna owes BMW such fees due to Arigna's first two losses in Germany; the total amount the German court will be expected to award BMW from Arigna is between $380,000 and $1.1 million.

BMW satisfies the qualifications for intervention as of right under Rule 24(a)(2). Specifically, BMW's motion is timely, having been filed within two months of Arigna filing this declaratory action, before substantive progression of the case, and while initial briefing is still ongoing. BMW holds a significant financial interest in the disputed funds between Arigna and Longford such that BMW's interest will be impaired if this Court denies BMW the opportunity to participate in the action. BMW's interest also cannot be adequately protected by the existing parties, who themselves claim priority to the same pool of funds BMW is legally owed in Germany.

Alternatively, permissive intervention under Rule 24(b) for many of the same reasons specified is still appropriate. Intervention at this preliminary stage of the proceedings will not cause undue delay or prejudice to the existing parties, and BMW's claim to the funds at issue is a common question shared by BMW and the existing parties.

## A. Arigna Through Its Counsel Susman Secured Funding and Representation from Longford for Its Enforcement Campaigns

The present dispute starts with Arigna, a non-practicing entity that holds a patent portfolio it has asserted in several cases against BMW and many other defendants. To assert certain of its patents against certain defendants, including BMW, Arigna engaged the Susman law firm. *See* D.I. 10, ¶ 7. As made clear by Arigna's instant lawsuit, unlike many traditional engagements where clients agree to pay legal fees directly or a law firm's compensation is based on contingency, Susman sought funding through third-party investment, Longford. *Id.* ¶ 8. In exchange for its investment, Longford agreed to take a secured interest in the proceeds derived from Arigna's and Susman's litigation campaigns. *Id.* ¶ 9. To secure its security interest, Longford filed a UCC-1

financing statement with the Washington, D.C. Recorder of Deeds. *Id.* ¶ 12. Arigna apparently acquiesced in this unique arrangement, in what appears to be at least a tacit approval of a plan to circumvent Irish champerty laws. *See* D.I. 24 at 3; D.I. 25, ¶¶ 3-6. Thereafter, Arigna and Susman (and other law firms) filed several patent infringement actions in the United States and Germany against numerous companies, including proposed-intervenors BMW.

> **B.  Arigna's Patent Litigations Against BMW Stretch Back to 2021 and Span Multiple Jurisdictions and Countries**

Beginning in February 2021, Arigna filed at least seventeen (17) patent-infringement lawsuits in the Eastern District of Texas, Western District of Texas, and the International Trade Commission ("ITC"), including three district court complaints and one ITC complaint[1] against BMW. *See* Ex 1. BMW's supplier settled one of the district court cases and BMW won at the ITC, with the Commission finding Arigna's claims both invalid and not infringed. *See Final Initial Determination*, Inv. No. 337-TA-1267, at 198–99. (Sept. 09, 2022). On February 1, 2024, Arigna and BMW agreed to dismiss another of the cases without prejudice in favor of a declaratory judgment action BMW filed in the District of Columbia on the same patent.[2] And on February 2, 2024, Arigna agreed to a $0 covenant-not-to-sue BMW on another patent, resulting in a dismissal of the parties' dispute in the Eastern District of Virginia with prejudice.[3] As a result of the recent

---

[1] *Certain Power Inverters and Converters, Vehicles Containing the Same, and Components Thereof*, Inv. No. 337-TA-1267 (May 21, 2021).

[2] *See Bayerische Motoren Werke AG et al. v. Arigna Technology Ltd.*, 1:23-cv-1190 (D.D.C. Apr. 28, 2023); *Arigna Technology Ltd. v. Porsche AG et al*, 2:21-cv-173 (E.D. Tex. May 20, 2021) (stayed, then dismissed in favor of D.D.C. case).

[3] *Bayerische Motoren Werke AG et al. v. Arigna Technology Ltd.*, 1:22-cv-277 (E.D. Va. Mar. 15, 2022).

dismissals, only the District of Columbia action remains pending between Arigna and BMW in the United States.[4]

However, Arigna did not limit its campaign to the United States; Arigna sued both BMW and Daimler AG in Germany. While Daimler AG settled with Arigna, BMW did not. In total, four separate actions were filed between Arigna and BMW in several German courts. Specifically, on January 11, 2022, Arigna brought infringement proceedings against BMW for infringement of German Patent No. DE 10 2009 060 504 B4 ("DE'504").[5] Thereafter, BMW prepared and filed nullity actions to invalidate the DE'504 patent. On information and belief, Longford directly or indirectly funded both Arigna's German campaigns and U.S. litigation efforts, at least through funding it supplied to Susman, Arigna's counsel.

Thus far, BMW has been adjudicated the prevailing party in two German actions. And unlike the American Rule in the United States, German law mandates fee shifting—the unsuccessful party (Arigna) must pay costs and statutory legal fees to the prevailing party (BMW). However, Arigna has made statements that put in doubt Arigna's willingness or alleged ability to pay the entitled fees.[6] Concerningly, Arigna also appears to have reduced the corporate capital in its European entity, in an ostensible attempt to insulate itself from having to pay the remaining fees owed. Thus, BMW moves to intervene here to ensure its ability to collect from Arigna.

---

[4] Notably, Susman moved to withdraw as Arigna's counsel in both the Eastern District of Virginia and District of Columbia cases, which both BMW and Arigna itself opposed, with Susman citing the mélange between Arigna, Susman, and Longford before this Court as the source of the alleged conflict. Public versions of BMW's briefs in opposition to Susman's motions to withdraw are attached as Ex. 2.

[5] The DE'504 patent is the German equivalent of U.S. Patent No. 8,289,082, asserted by Arigna in two separate proceedings in the United States.

[6] While the German courts have not set the exact amount of fees owed for each remaining proceeding, the German decisions are final, which means Arigna will owe BMW certain fees.

### C.     Arigna's Developing Pattern of Avoiding Paying its Creditors

Arigna and Longford presently dispute what the term "proceeds" covers as defined by their engagement agreement. This term is pivotal because it determines how much funds are owed to Longford. Longford takes an expansive definition of proceeds, where Arigna must compensate Longford from settlement recoveries comprised of *both* Arigna *and* its affiliates. *See* D.I. 20 at 4. Arigna interprets proceeds to be strictly limited to amounts received *only by* Arigna. D.I. 10, ¶¶ 9, 15, 16; D.I. 20 at 4 n.1.

A pattern in Arigna's conduct is becoming apparent. In BMW's German cases, after BMW obtained favorable judgments in two matters, Arigna demonstrated a willingness and ability to reduce its operating capital to a level that would be insufficient to pay the balance on fees owed. In Longford's contractual dispute, after receiving settlement funds, Arigna constrains its contractual obligations to again avoid paying what Longford believes it is owed. Both scenarios show Arigna taking actions that limit its creditors' ability to collect. Thus, BMW must intervene to prevent Arigna from avoiding payment it owes to BMW.

## V.     ARGUMENT: BMW SHOULD BE ALLOWED TO INTERVENE IN THIS SUIT TO SECURE ITS INTEREST IN MONEY OWED BY ARIGNA FROM ARIGNA'S SETTLEMENT FUNDS

### A.     BMW Satisfies the Criteria for Intervention of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2)

As explained by the Third Circuit, a third party may intervene as of right under Fed. R. Civ. P. 24(a)(2) by demonstrating the following: (1) "the applicant has a sufficient interest in the litigation"; (2) "the interest may be affected or impaired, as a practical matter by the disposition of the action"; (3) "the interest is not adequately represented by an existing party in the litigation," and (4) "the application for intervention is timely." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987); Fed. R. Civ. P. 24(a)(2). BMW satisfies each of these requirements.

1.   **BMW has an interest in the settlement funds disputed between Arigna and Longford, because BMW has a claim on at least some of those funds**

First, BMW has a sufficient interest in this litigation. A sufficient interest is not limited to third parties who "owe an indemnity obligation to defendants or have a non-economic interest at risk." *Intellectual Ventures I LLC et al v. AT&T Mobility LLC et al*, 1-12-cv-00193, Dkt. 41, 7 (D. Del., Sep. 8, 2014). Rather, a sufficient interest is "an interest relating to the property or transaction which is the subject of the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation marks and citation omitted). While "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene," the Third Circuit explains that "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citing *Gaines v. Dixie Carriers, Inc.,* 434 F.2d 52, 53–54 (5th Cir. 1970) (holding that a law firm could intervene in a former client's action to protect its interest in its contingency fee); *Hardy–Latham v. Wellons,* 415 F.2d 674 (4th Cir. 1968) (holding that finders who supplied a broker with the name of a seller were allowed to intervene in the broker's case against the seller for a broker's fee because "[t]hey claim an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [the broker] their ability to collect their proper share would as a practical matter be impaired")). Moreover, "proposed intervenors need not possess an interest in each and every aspect of the litigation. Instead, they are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 951 (3d Cir. 2012) (internal citations and quotation marks omitted).

Here, BMW has a specific interest in the settlement funds related to Arigna's litigation campaigns that are currently disputed between Arigna and Longford because Arigna owes BMW costs and statutory attorneys' from Arigna's unsuccessful German litigations against BMW. *See* Exs. 1-B, 1-C. BMW has serious concerns that Arigna will not pay this money to BMW otherwise, as Longford is claiming it and Arigna is dodging BMW's efforts to recover funds by funneling Arigna's capital out of Europe. Ex. 1, ¶¶ 34-41. Thus, BMW must seek recovery from the funds contested by Arigna and Longford here.

Like the law firm in *Gaines*, who was allowed to intervene because the "law firm . . . claimed an interest in the subject of the action," BMW similarly seeks to protect its interest in its German litigation fees. *See Gaines*, 434 F.2d at 54. And like the funders in *Hardy–Latham*, who were allowed to intervene because "[t]hey claim an interest in both the transaction and the fund which are the subject of the main action, and if the entire amount were paid directly to [the broker] their ability to collect their proper share would as a practical matter be impaired," BMW claims an interest in the fund which is the subject of the main action. *See Hardy–Latham ,* 415 F.2d at 676. Thus, BMW has a sufficient interest in this litigation.

### 2.  Disposition of settlement funds between Arigna and Longford will practically impair BMW's ability to collect its share of those funds

Second, BMW's interest will be practically impaired by the disposition of this action. A third party may demonstrate an impaired interest by showing a "tangible threat" to the third party's legal interest. *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 59 (3d Cir. 2018). Accordingly, courts focus on "the practical consequences of the litigation," including "a proposed remedy's impact on the applicant for intervention." *Id.* (internal citations and quotation marks omitted). In so doing, the Third Circuit adheres to a "policy preference which,

as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Id.* (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998)).

Here, BMW claims an entitlement to the funds contested between Arigna and Longford. A disposition in this action, at least one in favor of Longford, would practically present a "tangible threat" to BMW's interest in these funds. For instance, as in *Hardy–Latham*, if the money contested between Longford and Arigna is paid to Longford, that would impair BMW's ability to collect what Arigna owes it as a practical matter. As Arigna has already represented its inability to pay BMW from funds in Europe, Ex. 1, ¶ 39, if Arigna must distribute its settlement funds in the U.S. to Longford, BMW may not be left anything. Thus, the disposition of this lawsuit will practically impair BMW's interests.

### 3. Arigna and Longford do not represent BMW's interests, as they both claim funds owed to BMW

Third, BMW's interest is not adequately represented by either Arigna or Longford. This "requirement of the Rule is satisfied if the applicant shows that representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Mountain Top*, 72 F.3d at 368 (emphasis added) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). Moreover, "if all existing parties are adverse to [the third party], then [the third party] is not adequately represented." *Id.* And in considering the jurisdiction over the intervening party's claim, the court should look to the "principal purpose" for intervention. *See Development Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 160 (3d Cir. 1995). Parties can be joined together despite any nominal opposition so long as the joined parties remain aligned over the principal issue of the case. *Id.*

Here, both Arigna and Longford are adverse to BMW and have competing claims on the settlement funds, at least part of which are owed to BMW. Arigna has already sought to avoid

10

payment of BMW's costs and statutory legal fees in the German litigations by making excuses and siphoning its funds away from its European entity. Ex. 3 at 7. Similarly, Arigna already seeks to limit the amount of the contested funds to Longford in this action. *See* D.I. 10, ¶ 19-20. Thus, Arigna could not possibly adequately represent BMW's right to funds that include money Arigna owes BMW but is actively avoiding paying.

Additionally, Longford claims all of the contested funds in this action, s*ee id.*, ¶ 15, and will therefore not represent BMW's interest in recovering the portion of these funds owed to BMW. While BMW and Arigna's interests are opposed regarding the settlement funds, the thrust of this action concerns limiting the agreement with Longford. In other words, although BMW nominally opposes Arigna and cross-claims against Arigna, both BMW's and Arigna's basic interest in ensuring that Arigna has access to the funds Arigna owes BMW, and not Longford, is the principal issue at bar. *See Development Fin. Corp.*, 54 F.3d at 160. Thus, Longford also cannot adequately represent BMW's interest, either.

### 4.   BMW timely moved to intervene

Finally, BMW's motion to intervene is timely. Courts consider three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top*, 72 F.3d at 369. Moreover, the Third Circuit has rejected the argument that a motion to intervene is untimely based on an "advanced stage" of litigation, explaining that "[t]he mere passage of time . . . does not render an application untimely." *Id.* (internal citations omitted). Even when "four years had elapsed before the [third party] filed their motion to intervene," the Third Circuit did not find untimeliness because "the critical inquiry is: what proceedings of substance on the merits have occurred?" *Id.* This Court found that a motion to intervene was timely where "for nearly eighteen of the twenty-one months after Plaintiffs filed their initial complaints, the cases progressed slowly

or not at all," and "[m]ost importantly, almost no 'proceedings of substance on the merits []' occurred' in [those] cases." *MiiCs & Partners, America, Inc. et al v. Toshiba Corp. et al*, 1-14-cv-00803, Dkt. 139, 2-5 (D. Del., Jun. 15, 2016) (citing *Mountain Top*, 72 F.3d at 369). In *MiiCs & Partners*, this Court explained that the motion to intervene was timely because "[t]he Court has yet to hold a Markman hearing and the parties must still complete document production, exchange expert reports, finish fact discovery, and submit case dispositive motions." *Id.* at 5.

Here, BMW filed its motion to intervene at a very early stage in the case—within two months of Arigna suing Longford. Additionally, the parties are in the midst of initial motions practice; "the parties must still complete document production, exchange expert reports, finish fact discovery, and submit case dispositive motions." *Id.* at 5. While Longford has filed a Motion to Compel Arbitration or Stay Pending Arbitration, no "proceedings of substance on the merits have occurred." *Mountain Top*, 72 F.3d at 369. That is, the Court has yet to hold a hearing or issues a ruling on Longford's Motion to Compel Arbitration or Stay Pending Arbitration. Therefore, BMW's motion to intervene is timely. And BMW's intervention will not prejudice either party, as BMW has a legitimate claim to the funds in disputes.

Accordingly, BMW satisfies the criteria under Rule 24(a)(2)  and therefore requests that the Court find that BMW has the right to intervene in this action.

### B.     BMW Also Satisfies the Criteria for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)

BMW also satisfies the criteria under Rule 24(b) for permissive intervention. Permissive intervention is discretionary and may be given to any party who "[o]n timely motion, . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); *see also United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014).

Here, BMW claims an entitlement to at least a portion of the settlement funds in dispute between Arigna and Longford. Taking Arigna's representations that it has dwindling funds available in Europe, these fees may only be recoverable from the contested funds in this action. The questions of who is owed what from Arigna's settlement funds is common among BMW's, Longford's, and Arigna's competing claims, and thus they share common questions of fact.

Moreover, BMW's complaint in intervention includes a claim to the contested funds in this action under Delaware's Uniform Foreign-Country Money Judgment Recognition Act, predicated on BMW's entitlement to the funds at issue here. *See* Ex. 1, ¶¶ 47-59.

Additionally, as explained above, BMW's motion to intervene is timely. Accordingly, BMW also should be permitted to intervene under Rule 24(b).

### C.    Alternatively, If the Court Finds BMW Cannot Join, BMW Satisfies the Criteria as an Indispensable Party Under Federal Rule of Civil Procedure 19(b) and the Court Must Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(7)

Because federal courts are of limited jurisdiction, there must be a certain basis for taking jurisdiction of a case prior to making determinations on the merits. *See, e.g., Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022). Where the only basis for subject matter jurisdiction is based on diversity of the parties, 28 U.S.C. § 1332, should the court determine complete diversity is lacking, the court must dismiss. *E.g., Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 395 (3d Cir. 2004). By its complaint, BMW asserts complete diversity exists if it intervenes as a defendant in this matter while bringing its cross-claim against Arigna. Should the court disagree, BMW moves this court to find BMW an indispensable party under Rule 19(b), and accordingly, dismiss the action in its entirety under Rule 12(b)(7).

Determining whether a party is indispensable is a two-step process that begins by determining whether a party is a necessary party under Rule 19(a). *See Schulman v. J.P. Morgan*

*Inv. Mgmt., Inc.*, 35 F.3d 799, 805 (3d Cir. 1994). Where a party meets the requirements under Rule 24(a)(2) to intervene as of right, the party necessarily meets the requirements for joinder as a necessary party under Rule 19(a)(1)(B)(i). *Cf. Liberty Mut.*, 419 F.3d at 229-30. If a party is deemed necessary but inappropriate to join, the Court must endeavor to find whether such party is indispensable to the litigation under Rule 19(b). *Gen. Refractories Co. v. First State Ins.*, 500 F.3d 306, 312 (3d Cir. 2007).

Rule 19(b) provides four factors in making an indispensability determination: (1) prejudice to the non-party and existing parties; (2) the extent prejudice can be lessened or avoided by the court; (3) whether a judgment in the non-party's absence will be adequate; and (4) whether the existing parties have alternative remedies if dismissed. *See Pennsylvania Manufacturers Indem. Co. v. Six Continents Hotels, Inc.*, C.A. No. 22-1603, 2023 WL 7217063 (D. Del. Nov. 2, 2023). For instance, courts have found that parties with an *entitled* interest in a limited set of funds are indispensable parties. *Matter of Tr. Established Under Pooling & Serv. Agreement*, No. 19-cv-1387, 2021 WL 4551598 at *6 (D. Minn. Oct. 5, 2021) (emphasis added). And where parties could bring multiple litigations over the same set of funds, courts in this district have held "the most palpable interest of this constituency is having disputes resolved in the most efficient manner possible[.]" *See Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1127 (D. Del. 1989). When making a Rule 19 determination, the Court may consider evidence beyond the pleadings. *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001). If the Court determines the party is indispensable, but lacks subject matter jurisdiction, it must dismiss the action. *Pennsylvania Manufacturers*, 2023 WL 7217063, at *2; *see also Laws. Title Ins. Corp. v. Prestige Title, Inc.*, No. 1:09-cv-170, 2009 WL 2032406 (S.D. Miss. July 9, 2009) (dismissing case after finding proposed-intervenors could intervene as of right under Rule 24, proposed-

14

intervenors would divest the court of subject matter jurisdiction for lack of complete diversity, and proposed-intervenors were indispensable under Rule 19(b)).

### 1.    BMW qualifies as a necessary party under Rule 19(a)

BMW holds an interest that relates to the subject matter of this action. Fed. R. Civ. P. 19(a)(1)(B)(i). BMW demonstrated its ability to intervene as a matter of right under Rule 24(a)(2). *See supra Section V.a.* Therefore, BMW qualifies as a necessary party under Rule 19(a). *Liberty Mut.*, 419 F.3d at 229–30.

### 2.    BMW's entitlement to funds from Arigna make it an indispensable party under Rule 19(b) that warrants dismissal if this Court should find intervention inappropriate and subject matter jurisdiction lacking.

The Rule 19(b) factors weigh in favor of deeming BMW an indispensable party. First, a judgment in favor of Arigna or Longford in BMW's absence would prejudice BMW. There are limited funds from which both Longford and BMW can assert claims against Arigna. Declaring the rights and apportionment of funds to Longford effectively precludes BMW from enforcing its own rights to entitled funds. *Matter of Tr. Established*, 2021 WL 4551598, at *6. Thus, the first factor weighs in favor of finding BMW indispensable.

Likewise, any judgment rendered by the Court about Longford's apportionment of funds creates unfavorable precedent BMW must combat if it pursues separate litigation. *See Johnson & Johnson*, 720 F. Supp. at 1126 ("[A]n unfavorable ruling here would nonetheless constitute adverse persuasive precedent, thereby harming [the non-party]'s interest."). While courts have found non-parties are not implicated in matters like collateral estoppel, the issue here is one that still begs for intervention to preserve the non-party's *full* panoply of rights. *Cf. Action v. Bachman Foods*, 668 F.2d 76, 78 (1st Cir. 1982) ("Even if [the absent party] would not be legally bound, an adverse ruling would be persuasive precedent in a subsequent proceeding, and would weaken [the

absent party's] bargaining position for settlement purposes."). As *Johnson & Johnson* and *Action* guide, BMW may not be bound by the determination of Arigna and Longford's contractual dispute; however, a determination by this Court will hamper BMW's ability to assert its rights for payment. Thus, litigating funds over which BMW has an interest without BMW's input harms BMW's rights—a harm that BMW's intervention alleviates. The second factor weighs in favor of finding BMW indispensable.

In addition, the judgment would be inadequate in BMW's absence. Rule 19(b)'s context of "adequacy" refers to the public's interest in wholesale settlement of disputes. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). Moving forward with multiple litigations that involve the possibility of inconsistent judgments provides grounds that weigh in favor of indispensability. *See Laws. Title Ins. Corp.*, 2009 WL 2032406, at *7. BMW's initiation of a separate suit for the disputed funds would be an inefficient administration of judicial resources and would provide an opportunity for inconsistent judgments based on two separate court determinations as to the entitlement of such funds. As such, the third factor weighs in favor of finding BMW indispensable.

Lastly, dismissal would not preclude Arigna and Longford from settling its dispute. Instead, Arigna may proceed in state court to resolve its claims with all parties present. *See Johnson & Johnson*, F. Supp. at 1127 (acknowledging use of single state court proceeding was not only adequate but "preferable"). Accordingly, the fourth factor weighs in favor of finding BMW indispensable.

Taken together, the Rule 19(b) factors establish BMW as an indispensable party. Accordingly, the Court should dismiss the action for failure to join an indispensable party under Rule 12(b)(7).

16

VI.     **CONCLUSION: BMW SHOULD BE GRANTED LEAVE TO INTERVENE IN THIS ACTION TO PROTECT ITS INTEREST IN THE DISPUTED FUNDS**

Longford's most recent filing with the Court argues how Arigna twists facts in an effort to skirt its financial obligations:

> In addition, Arigna contends that it received no benefit from Longford's funding. But this is spurious given that Longford paid [redacted] to cover fees to Arigna's counsel and expenses to pursue Arigna's patent enforcement litigation. Finally, in a dispute regarding the amount Arigna owes for litigation funding, Arigna makes the remarkable assertion that it does not utilize litigation funding and had nothing to do with the parties' funding arrangement in this case. That is incorrect. (D.I. 27, Nicolas Declaration).

D.I. 34 at 3. This elusive behavior by Arigna only provides clearer support and underscores why BMW respectfully requests leave from this Court to allow it to intervene in the above-captioned matter to protect its interest in the disputed funds. Alternatively, BMW respectfully requests that this Court dismiss the instant matter under Rule 12(b)(7).

Respectfully submitted,

/s/ Andrew E. Russell

OF COUNSEL:                          Andrew E. Russell (No. 5382)
Lionel M. Lavenue                    SHAW KELLER LLP
FINNEGAN, HENDERSON, FARABOW,        I.M. Pei Building
  GARRETT & DUNNER, LLP              1105 North Market Street, 12th Floor
1875 Explorer Street, Suite 800      Wilmington, DE 19801
Reston, VA 20190-6023                (302) 298-0700
(571) 203-2700                       arussell@shawkeller.com
                                     *Attorneys for Plaintiff- Intervenor*
Dated: February 14, 2024             *Bayerische Motoren Werke AG*