# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, an Irish corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 1:23-cv-1441-GBW ) |
| LONGFORD CAPITAL FUND III, LP, A Delaware Limited Partnership, | ) ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT LONGFORD CAPITAL FUND III, LP'S ANSWERING BRIEF IN OPPOSITION TO BAYERISCHE MOTOREN WERKE AG'S MOTION TO INTERVENE OR IN THE ALTERNATIVE TO DISMISS UNDER RULE 12(B)(7)

Of Counsel:

John N. Gallo
Jeffrey S. Eberhard
Blake Edwards
Gair Gallo Eberhard LLP
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
Tel. 312.600.4900
jgallo@gairgallo.com
jeberhard@gairgallo.com
bedwards@gairgallo.com

Kevin G. Abrams (#2375)
John M. Seaman (#3868)
Christopher Fitzpatrick Cannataro (#6621)
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
Telephone: (302) 778-1000
abrams@abramsbayliss.com
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Defendant Longford Capital Fund III, LP*

Dated: February 28, 2024

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

RESPONSE TO BMW'S STATEMENT OF FACTS ...................................................................2

ARGUMENT ...................................................................................................................................3

I.     BMW CANNOT INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(A)(2) ...............................................................................................................3

    A.     The Posture of This Case Supports Denial of BMW's Motion ...............................3

    B.     BMW Does Not Possess A Legal Interest in This Matter .......................................4

    C.     BMW Cannot Establish a Tangible Threat to Any Interest it Possesses ...................................................................................................................7

II.     BMW HAS NOT SATISFIED THE CRITERIA FOR PERMISSIVE INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(B) .........................................................................................................................................8

III.     BMW IS NOT AN INDISPENSABLE PARTY UNDER RULE 19 ...............................10

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*CBV, Inc. v. ChanBond*,
    2023 WL 3750652 (D. Del. June 1, 2023) ............................................................... 7, 9

*Doe v. Ejercito*,
    2012 WL 10713165 (S.D. Fla. Aug. 2, 2012) ............................................................ 6

*Gaines v. Dixie Carriers, Inc.*,
    434 F.2d 52 (5th Cir. 1970) ........................................................................................ 6

*General Refractories Co. v. First State Ins. Co.*,
    500 F.3d 306 (3d Cir. 2007) ..................................................................................... 10

*Hardy-Latham v. Wellons*,
    415 F.2d 674 (4th Cir. 1968) ..................................................................................... 6

*Hawaii-Pacific Venture Capital Corp. v. Rothbard*,
    564 F.2d 1343 (9th Cir. 1977) ................................................................................... 4

*Kirsch v. Dean*,
    733 Fed. App'x 268 (6th Cir. 2018) ........................................................................... 4

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
    419 F.3d 216 (3d Cir. 2005) ............................................................................. passim

*Luster v. Purcap Labs., LLC*,
    2023 WL 157638 (D. Del. Jan. 11, 2023) ......................................................... passim

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) ............................................................................ 3, 4, 5, 6

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) .................................................................................. 6, 7

*United States v. Territory of Virgin Islands*,
    748 F.3d 514 (3d Cir. 2014) ....................................................................................... 9

*Vaughan v. Dickinson*,
    19 F.R.D. 323 (W.D. Mich. Aug. 22, 1955) .............................................................. 7

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*,
    701 F.3d 938 (3d Cir. 2012) ....................................................................................... 6

**Rules**

Fed. R. Civ. P. 19(b)(3) ................................................................................................................. 10

Fed. R. Civ. P. 24(b)(1)(B) .............................................................................................................. 8

Fed. R. Civ. P. 24(b)(3) ................................................................................................................... 9

**Statutes**

6 *Del. C.* § 4A-503 ........................................................................................................................ 8

**Other Authorities**

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1913 (3d ed. 1998) ........................................................................................................................ 9

Defendant Longford Capital Fund III, LP ("Longford"), by its undersigned counsel, respectfully submits this Answering Brief in Opposition to Bayerische Motoren Werke AG's ("BMW") Motion to Intervene or in the Alternative to Dismiss Under Rule 12(b)(7) (D.I. 35-36).

## **INTRODUCTION**

This case involves a narrow dispute between Plaintiff Arigna Technology Limited ("Arigna") and Longford regarding the extent of a lien held by Longford on "Proceeds" recovered from Arigna's settlement with a third party unrelated to BMW. BMW moves to intervene but is a stranger to the dispute between Arigna and Longford. BMW has no—and does not claim—an interest in the Proceeds recovered from the settlement. Instead, BMW claims that Arigna will, at some *unidentified* point in the future, owe BMW an unspecified amount due to proceedings in Germany in a *separate*, *unrelated* patent enforcement campaign Arigna pursued against BMW.

BMW lacks an interest in this case sufficient to permit it to intervene. BMW's only interest, assuming it matures, is an interest in an amount to be owed to it by Arigna. It has no interest in any specific *res*, let alone in the Proceeds from the settlement. The cases cited by BMW establish that an economic interest is insufficient to support a motion to intervene and that "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220–21 (3d Cir. 2005) (citations and quotations omitted).

In addition, permitting BMW to intervene makes no sense from a practical perspective. Longford's Motion to Compel Arbitration is fully briefed and ripe for decision. If, as Longford submits is likely, the motion is granted, then this case will be dismissed or stayed, and BMW's motion will be mooted.

Moreover, there is no reason BMW's pursuit of Arigna should take place as part of this action. The facts and circumstances giving rise to Arigna's supposed debt to BMW have nothing

to do with the facts and transactions in dispute between Arigna and Longford. Allowing BMW to intervene here would serve only to multiply the proceedings and turn a narrow dispute between Arigna and Longford concerning the extent of Longford's lien into a wide-ranging dispute about Arigna's conduct over the past two years in multiple foreign proceedings against BMW. Longford would be prejudiced by having an unrelated dispute complicate and delay its right to recovery. On the other hand, BMW would not be prejudiced at all by not being permitted to intervene. BMW may pursue numerous other avenues of relief against Arigna, either in the German proceedings or as a stand-alone lawsuit.

## RESPONSE TO BMW'S STATEMENT OF FACTS

BMW's Statement of Facts mainly consists of assertions relating to Arigna's patent enforcement campaign against BMW, the various proceedings in Germany between Arigna and BMW, and Arigna's supposed efforts to avoid its payment obligations to BMW. Longford does not have firsthand knowledge regarding those matters and for purposes of this motion, Longford takes no position on BMW's allegations against Arigna. However, Longford notes that BMW concedes that the German court has not yet specified an amount of fees Arigna owes BMW or indicated any timeline by which it might do so. (D.I. 36 at p. 6 and n.6.) Moreover, the substantive judgments in Germany were entered in 2022 and early 2023, respectively (D.I. 36-1, ¶¶27, 29), but the court still has not entered an award of fees and costs. Thus, the timing of any right by BMW to obtain any recovery from Arigna is unclear.

More importantly, none of BMW's assertions against Arigna relate to the dispute between Arigna and Longford. What happened between Arigna and BMW in proceedings commenced in Germany in 2021 and 2022 has no relation to or bearing on the Arigna settlement with a third party that occurred in late 2023 and breaches of Arigna's obligations to Longford relating to the Proceeds of that settlement.

With respect to BMW's description of the funding arrangement between Arigna, Longford, and Susman Godfrey LLP ("Susman"), Longford disputes any statements based on Arigna's incorrect assertions about how that funding arrangement arose. As described in previous filings (D.I. 28–29), it was Arigna who first approached Longford about obtaining funding for its patent enforcement campaigns. Moreover, Arigna recommended the structure of the funding arrangement, and Longford neither suggested nor acquiesced in the arrangement to circumvent Irish champerty laws. (*Id.*)

## ARGUMENT

### I.   BMW CANNOT INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(A)(2)

Federal Rule of Civil Procedure 24(a)(2) allows a party to intervene if it has "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). The right claimed by the applicant must be "a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citation and quotations omitted). In addition to establishing a legally protectable interest, a putative intervenor must also establish a timely application to intervene, a tangible threat that its interest will be impaired or affected by the disposition of the underlying action, and that the existing parties to the action do not adequately represent its interests. *Liberty Mutual*, 419 F.3d at 220. "Each of those requirements must be met to intervene as of right." *Id.*

#### A.   The Posture of This Case Supports Denial of BMW's Motion

BMW focuses exclusively on the time between when it learned of this lawsuit (December 2023) and when it filed its motion to intervene (February 2024). However, BMW ignores the procedural posture of this case. Longford and Arigna have agreed to arbitrate their dispute, and this Court is not the proper forum to decide any rights or obligations between them. (D.I. 18, 28,

3

34.) Longford has moved to compel arbitration and either dismiss or stay this case, and that motion is fully briefed. (*Id.*) Accordingly, BMW is seeking to intervene in a case that Longford believes will not be pending for long and in which no substantive proceedings will occur. That is reason alone to deny BMW's request to intervene. *See Kirsch v. Dean*, 733 Fed. App'x 268, 275 (6th Cir. 2018) (denying motion to intervene as untimely where motion to compel arbitration was fully briefed and the court had already been asked to "determine whether a significant portion of the case ought to proceed in a different forum"). At the very least, this Court should deny BMW's motion unless and until it deems that this case will proceed here and not in arbitration.

### B. BMW Does Not Possess A Legal Interest in This Matter

"In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Liberty Mutual*, 419 F.3d at 220–21 (quoting *Mountain Top* 72 F.3d at 366). "Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.*; *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977). Instead, the intervenor must establish a legally protectable interest "relating to the property or transaction which is the subject of the action"—i.e., an interest in the substance of the dispute involved in the litigation— and not just a generalized, economic interest in collecting a debt from a party. *Liberty Mutual*, 419 F.3d at 220–21; *Luster v. Purcap Labs., LLC*, 2023 WL 157638, at *2 (D. Del. Jan. 11, 2023) (lawyers asserting a charging lien over settlement proceeds had merely an economic interest, which was an insufficient interest on which to permit intervention).

BMW itself cites both *Mountain Top* and *Liberty Mutual*, and the holdings of and discussions in those cases establish that BMW is not entitled to intervene here. In *Mountain Top*, the underlying suit involved a dispute between a condominium association and general contractor regarding construction work that occurred after a hurricane had caused extensive damage to the

4

condominium. 72 F.3d at 364. Two condominium owners sought to intervene, claiming an interest in $250,000 in insurance proceeds that were being held in trust and were available either to pay the general contractor or be distributed to condominium owners. *Id.* The intervenors argued that if the condominium association settled with the general contractor, then the insurance proceeds would be depleted and no funds would be available to cover the damage to their condominiums. *Id.* at 365. The court noted the general rule that an economic interest does not suffice under Rule 24 but found that "an interest in a *specific fund* is sufficient to entitle intervention in a case affecting that fund." *Id.* at 366 (emphasis added). Because the funds in dispute between the existing parties to the case were "held in trust for each of the apartment owners" under the law of the Virgin Islands, there was an express trust under which the intervenors were the "intended beneficiaries." *Id.* at 367. Thus, there was a specific trust *res* involved in the case to which the intervenors had a property interest, and intervention was appropriate. *Id.*

The Third Circuit has since made clear that *Mountain Top* is limited to instances in which the intervenors have a property interest in a specific fund involved in the underlying case and does not apply where the intervenor merely claims it is owed a debt by one of the parties. In *Liberty Mutual*, the existing action was between an insurance company (Liberty Mutual) and insured (PMP) relating to coverage for asbestos claims. 419 F.3d at 218. A group of individuals moved to intervene, arguing that the PMP caused injuries to them or decedents they represented and that they needed to intervene because PMP was insolvent and "their right to recovery for their asbestos-related injuries could be eliminated in the declaratory judgment action instituted by Liberty Mutual against PMP" if coverage were denied. *Id.* at 219. The court denied intervention, and the Third Circuit affirmed. *Id.* at 222. The court discussed *Mountain Top* at length and held that it did not apply in that case because there was no specific fund to which the intervenors had a property

5

interest. *Id.* The court noted that "Appellants here have no property interest in the Liberty Mutual UEL policies nor do they have any other legally protectable interest in the policies." *Id.* "Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." *Id.* The court reinforced that an "interest . . . to ensure that [a party] would have sufficient resources to satisfy any judgment [the applicant] may be able to obtain in a territorial court" is insufficient to establish a legally protectable interest under Rule 24. *Id.* at 224–25.[1]

Here, BMW claims precisely the type of economic interest that Third Circuit precedent establishes is insufficient to warrant intervention. BMW does not claim and cannot establish an interest to or right in the settlement funds at issue—funds that a wholly unrelated third party paid to settle separate litigation involving different patents. At most, BMW contends it will become a judgment creditor in the future and is worried that by that time, Arigna may be unable to satisfy the judgment. (D.I. 36 at 8-9.) But even if this contingent and speculative scenario becomes true, it is insufficient. Consistent with the reasoning of *Mountain Top* and *Liberty Mutual*, courts have repeatedly held that being a judgment creditor coupled with a fear of being unable to recover does not establish a legally protectable interest entitling a party to intervene under Rule 24(a)(2). *See, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (denying intervention based on "interest in the prospective collectability of [a] debt"); *Luster*, 2023 WL 157638, at *2–3; *Doe v. Ejercito deo Liberacion Nacional*, 2012 WL 10713165, at *3 (S.D. Fla. Aug. 2, 2012)

---

[1] All of BMW's other cases also involve a specific fund or other property interest involved in the litigation and therefore are inapposite. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53–54 (5th Cir. 1970) (interest under contingent fee agreement to specific settlement funds); *Hardy-Latham v. Wellons*, 415 F.2d 674 (4th Cir. 1968) (percentage of sales price owed under brokerage agreement); *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 951 (3d Cir. 2012) (granting intervention based on care facility's residents' right to access of services).

6

("A party's interest in a 'pool or fund from which to recover his damages' . . . does not give that party a substantive right in any particular funds, such that he or she could claim a protectable interest in a proceeding which might entitle another party to claim an interest in the same pool of funds."); *Vaughan v. Dickinson*, 19 F.R.D. 323, 327 (W.D. Mich. Aug. 22, 1955) (denying intervention as "a means for collecting a money judgment").

No matter how clear or strong BMW's entitlement to funds from Arigna is or will become, its interest is merely a right to be paid by Arigna and not a legal interest in *this case*. "It is settled beyond peradventure . . . that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Alisal*, 370 F.3d at 920. A contrary rule would mean that virtually any judgment creditor could intervene in any suit, no matter how unrelated, in which the debtor was involved. *Id.* ("To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit in which damages might be awarded."). That is not the law, and BMW is not entitled to intervene.

### C.  BMW Cannot Establish a Tangible Threat to Any Interest it Possesses

Even if BMW could establish the type of right sufficient to intervene (and it cannot), its motion should still be denied. To intervene under Rule 24, a party must establish a "tangible threat" it will face if intervention is denied. *Liberty Mut.*, 419 F.3d at 220. "Speculative" assertions do not suffice, and a motion to intervene cannot rest on an interest that "is contingent upon (or a mere expectancy of) success" in a separate action. *Id.* (quotations omitted); *CBV, Inc. v. ChanBond*, 2023 WL 3750652, at *3 n.4 (D. Del. June 1, 2023) (denying intervention).

Here, BMW relies on a chain of future, contingent events—that the German court will award it a specific amount of fees, that it will do so soon, and that Arigna will default on the award. None of that has happened yet, and BMW's assertions about what *may* happen do not establish a "tangible threat" to a legally protectable interest, as is required under Rule 24(a)(2).

7

Further, the outcome of the dispute between Arigna and Longford will not materially alter any of BMW's rights. The issue between Arigna and Longford is not *whether* Longford will recover, but in *what amount*. Even Arigna concedes that Longford is owed an amount far exceeding any amount BMW claims it may be owed in the German proceedings. Arigna further concedes that Longford has a first-priority lien to secure the amount it is owed. (D.I. 10, ¶¶10, 16.) Thus, in all events, Longford will be owed a *secured* debt that is senior in both time and priority to BMW's future, contingent, unsecured debt.[2] To allow BMW to intervene in those circumstances makes no sense and would serve no purpose.[3]

Moreover, the availability of alternative remedies means BMW cannot establish a right to intervene. *See, e.g., Luster*, 2023 WL 1576378, at *3 (existence of alternative avenue to pursue claim defeats right to intervene). BMW has already identified rights it claims it may assert against Arigna in the German proceedings (D.I. 36.1, ¶36), and cannot establish that intervention is the only mechanism for it to obtain relief against Arigna. The claims BMW seeks to bring against Arigna here can be pursued in a separate matter.

**II.  BMW HAS NOT SATISFIED THE CRITERIA FOR PERMISSIVE INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(B)**

Under Rule 24(b)(1)(B), a court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts in the Third Circuit routinely deny permissive intervention on the same

---

[2] Longford's lien was recorded on and has been publicly-available since August 28, 2020—well before any of the pertinent events between Arigna and BMW occurred. (See Cmplt. Ex. C.)

[3] BMW's proposed Cause of Action against Longford for an injunction under 6 *Del. C.* § 4A-503 (D.I. 36-1, ¶¶43-46) reinforces that it has no rights to assert against Longford. Section 4A-503 is a provision of the Uniform Commercial Code that is intended to protect intermediary banks who receive funds. U.C.C. § 4A-503, Off. Cmt. It has no applicability here, is not a means to address inter-creditor disputes, has not been cited or applied in any published decision by a federal or state court in Delaware, and does not support BMW's request for intervention.

grounds that they deny a motion for intervention by right. *See, e.g., United States v. Territory of Virgin Islands*, 748 F.3d 514, 524–25 (3d Cir. 2014) ("The District Court in this case denied [the] Rule 24(b) permissive intervention motion for the same reasons it denied the motion pursuant to Rule 24(a)."); *CBV*, 2023 WL 3750652, at *1 (same); *Luster*, 2023 1576378, at *3 (same).

In any event, BMW fails to demonstrate the existence of common questions of law or fact warranting permissive intervention. BMW merely asserts that Arigna owes (or will owe) both Longford and it money. (D.I. 36 at 13.) But that says nothing about any factual or legal commonality. In fact, BMW's alleged right to payment from Arigna arises out of a different transaction and different set of facts (Arigna's failed German enforcement campaign against BMW versus Arigna's third-party settlement) and involves entirely separate legal questions (availability of fees and costs under German law versus the proper scope of "Proceeds" to which Longford is entitled under its agreements with Arigna). There is no overlap at all between BMW's alleged right to payment and the circumstances and scope of Arigna's payment obligation to Longford.

In addition, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Allowing BMW to intervene would introduce numerous issues not involved in the dispute between Arigna and Longford and multiply the proceedings. Longford would be prejudiced by having its right to obtain payment from Arigna delayed by a collateral and unrelated dispute between Arigna and BMW. BMW, on the other hand, would not be prejudiced at all by not being permitted to intervene, as it has adequate alternative remedies described above. "If the would-be intervenor already is a party to other litigation in which the intervenor's rights can be fully determined, or if there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene." 7C Charles Alan Wright & Arthur R.

9

Miller, *Federal Practice and Procedure*, § 1913 (3d ed. 1998) (collecting cases); *see also Luster*, 2023 WL 157638, at *3 (denying intervention due to existence of alternative remedy).

### III. BMW IS NOT AN INDISPENSABLE PARTY UNDER RULE 19

Because BMW does not possess a legally protectable interest entitling it to intervene as of right under Rule 24(a)(2), it also cannot be deemed a necessary party under Rule 19. *Liberty Mutual*, 419 F.3d at 230 (holding interest required to be deemed necessary party under Rule 19 is same as interest required to intervene as of right under Rule 24(a)(2)). Even if BMW were deemed a necessary party, it is not an indispensable party under Rule 19(b) because, among other reasons, the Court (if Longford's Motion to Compel Arbitration were denied) could enter an adequate judgment with respect to Arigna's and Longford's rights in the settlement Proceeds in BMW's absence. Fed. R. Civ. P. 19(b)(3); *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 321 (3d Cir. 2007).

### CONCLUSION

BMW's Motion to Intervene (D.I. 35) should be denied.

|  |  |
|---|---|
| OF COUNSEL:<br><br>John N. Gallo<br>Jeffrey S. Eberhard<br>Blake Edwards<br>GAIR GALLO EBERHARD LLP<br>1 East Wacker Drive<br>Suite 2600<br>Chicago, IL 60601<br>Tel. 312.600.4900<br>jgallo@gairgallo.com<br>jeberhard@gairgallo.com<br>bedwards@gairgallo.com<br><br>Dated: February 28, 2024 | /s/ Christopher Fitzpatrick Cannataro<br>Kevin G. Abrams (#2375)<br>John M. Seaman (#3868)<br>Christopher Fitzpatrick Cannataro (#6621)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, Delaware 19807<br>Telephone: (302) 778-1000<br>abrams@abramsbayliss.com<br>seaman@abramsbayliss.com<br>cannataro@abramsbayliss.com<br><br>*Attorneys for Defendant Longford Capital Fund III, LP* |

10