# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | ) | |
| An Irish Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 23-1441-GBW |
| | ) | |
| LONGFORD CAPITAL FUND, III, LP, | ) | ██████████████ |
| A Delaware Corporation, | ) | [PUBLIC VERSION] |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF ARIGNA TECHNOLOGY LIMITED'S ANSWERING BRIEF IN OPPOSITION TO BAYERISCHE MOTOREN WERKE AG'S MOTION TO INTERVENE OR IN THE ALTERNATIVE TO DISMISS UNDER RULE 12(b)(6)

Dated: February 28, 2024

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff Arigna Technology Limited*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

NATURE AND STATE OF PROCEEDINGS ........................................................................ 2

STATEMENT OF FACTS ...................................................................................................... 3

SUMMMARY OF ARGUMENT ............................................................................................ 6

ARGUMENT ........................................................................................................................... 7

I.     The Court Should Deny The Motion To Intervene ......................................................... 7

     A.     BMW Cannot Intervene as a Matter of Right ...................................................... 7

          1.     BMW'S Intervention is Untimely .............................................................. 7

          2.     BMW Has No Interest in this Litigation .................................................... 8

          3.     There is No Threat to Any Interest BMW Might Have and BMW's
                Intervention is Unnecessary to Prevent Any Alleged Threat .................... 12

     B.     BMW Cannot Demonstrate This Court Should Exercise Its Discretion
          Under Rule 24(b) ................................................................................................ 14

     C.     BMW is Not an Indispensable Party Under Fed. R. Civ. P. 19(b) ...................... 15

CONCLUSION ...................................................................................................................... 17

**Page(s)**

**Cases**

*Amgen Inc. v. Amneal Pharms. LLC*,
No. CV 16-853-MSG, 2020 WL 6060441 (D. Del. Oct. 14, 2020) .........................................7

*Bone v. XTO Energy, Inc.*,
No. CV 21-1460, 2023 WL 5431139 (D. Del. Aug. 23, 2023) .................................................8

*Brody By & Through Sugzdinis v. Spang*,
957 F.2d 1108 (3d Cir. 1992)...................................................................................................14

*CBV, Inc. v. ChanBond, LLC*,
No. CV 21-1456-GBW, 2023 WL 3750652 (D. Del. June 1, 2023) ................................14, 15

*In re Chemed Corp., S'holder Derivative Litig.*,
No. CV 13-1854-LPS-CJB, 2017 WL 1712530 (D. Del. Apr. 25, 2017)................................1

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. MC 17-151-LPS, 2023 WL 4826467 (D. Del. July 27, 2023)...........................................9

*Endoheart AG v. Edwards Lifesciences Corp.*,
Civil Action No. 14-1473-LPS-CJB, 2015 WL 6956603 (D. Del. Nov. 6, 2015)................1, 2

*Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*,
80 F.4th 223 (3d Cir. 2023) .....................................................................................................16

*Follieri Grp., LLC v. Follieri/Yucaipa Invs., LLC*,
No. CIV.A. 3015-VCL, 2007 WL 2459226 (Del. Ch. Aug. 23, 2007) ...................................12

*Foster v. Gueory*,
655 F.2d 1319 (D.C. Cir. 1981) .................................................................................................1

*Cole v. Danberg*,
No. CV 10-088-GMS, 2014 WL 293425 (D. Del. Jan. 24, 2014)............................................8

*Gaines v. Dixie Carriers, Inc.*,
434 F.2d 52 (5th Cir. 1970) .....................................................................................................11

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*,
888 F.3d 29 (3d Cir. 2018)......................................................................................................16

*Hardy-Latham v. Wellons*,
415 F.2d 674 (4th Cir. 1968) ...................................................................................................11

*Hauth v. Lobue*,
  No. CIV. A. 00-166-JJF, 2001 WL 1188216 (D. Del. Sept. 28, 2001) ..................................13

*Intellectual Ventures LLC v. AT&T Mobility LLC*,
  No. 12-193-LPS, *et al.*, 2014 WL 4445953, at *1-3 (D. Del. Sept. 8, 2014) .........................11

*Japan Petroleum Co. (Nigeria) v. Ashland Oil, Inc.*,
  456 F. Supp. 831 (D. Del. 1978) ..........................................................................................16

*Kleissler v. U.S. Forest Service*,
  157 F.3d 964 (3d Cir. 1998)....................................................................................................7

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
  419 F.3d 216 (3d Cir. 2005)..................................................................................................10

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3d Cir. 1995).......................................................................................................7

*Pilkington Bros. P.L.C. v. AFG Indus. Inc.*,
  581 F. Supp. 1039 (D. Del. 1984) ...........................................................................................9

*Pres. Pittsburgh v. Conturo*,
  477 F. App'x 918 (3d Cir. 2012) ...........................................................................................13

*Reich v. ABC/York-Estes Corp.*,
  64 F.3d 316 (7th Cir. 1995) ......................................................................................................1

*In re SemCrude, L.P.*,
  407 B.R. 82 (Bankr. D. Del. 2009) ........................................................................................13

*Singh v. Daimler-Benz AG*,
  9 F.3d 303 (3d Cir. 1993)........................................................................................................16

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ....................................................................................................1

*In re: Syntax-Brillian Corp.*,
  No. 13-CV-337-GMS, 2016 WL 5662074 (D. Del. Sept. 29, 2016)....................................7, 8

*Tansey v. Rogers*,
  C.A. No. 21-cv-49-RGA, 2016 WL 3519887 (D. Del. June 27, 2016) ..................................14

*Matter of Tr. Established Under Pooling & Servicing Agreement Relating to*
  *Wachovia Bank Com. Mortg. Tr. Com. Mortg. Pass-Through Certificates,*
  *Series 2007-C30,*
  No. 19-CV-1387(PJS/BRT), 2021 WL 4551598 (D. Minn. Oct. 5, 2021).............................17

*Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*,
    623 F. Supp. 2d 518 (D. Del. 2009)...............................................................9

*Ungar v. Arafat*,
    634 F.3d 46 (1st Cir. 2011)..........................................................................10

*United States v. Baxter Int'l, Inc.*,
    345 F.3d 866 (11th Cir. 2003) .......................................................................1

*Wallach v. Eaton Corp.*,
    837 F.3d 356 (3d Cir. 2016)............................................................................8

*Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
    922 F.2d 92 (2d Cir. 1990)............................................................................10

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
    701 F.3d 938 (3d Cir. 2012)..........................................................................12

**Other Authorities**

*7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* §
    1913 (3d ed. 1998) .......................................................................................15

District of Delaware Local Rule 7.1.1 .......................................................2, 3

Federal Rule of Civil Procedure 12(b)(7) ......................................................1

Federal Rule of Civil Procedure 19(a) .........................................................15

Federal Rule of Civil Procedure 19(b)..........................................6, 15, 16, 17

Federal Rule of Civil Procedure 24(a).............................................2, 6, 7, 10, 15

Federal Rule of Civil Procedure 24(b)..........................................................6, 14

## INTRODUCTION

Plaintiff Arigna Technology Limited ("Arigna") respectfully submits this Answering Brief in Opposition to the Motion to Intervene or in the Alternative to Dismiss Under Rule 12(b)(7) (D.I. 36) (the "Motion") filed by Bayerische Motoren Werke AG ("BMW"). Granting BMW's Motion would set a dangerous precedent whereby any person who believes she might be owed money at some unspecified time in the future, but who has not obtained a judgment, domesticated the judgment she has yet to receive, or sought to enforce her non-existent judgment can disrupt unrelated litigation because "proceeds" (*i.e.* cash) belonging to her potential judgment debtor are tangentially at issue.

BMW seeks to intervene in this dispute, with which it concedes it has no connection, because it claims to be owed money by Arigna. But BMW has no protectable interest in this unrelated declaratory judgment action and there is no final fee award in Germany. (*See, e.g.*, D.I. 36 at 2.) BMW filed its Motion to Intervene to harass Arigna; introduce unnecessary delay in this Court's resolution of the instant dispute between Arigna and Longford Capital Fund, III, LP ("Longford"); and needlessly increase the costs of the dispute between Arigna and Longford. Arigna disputes the array of "facts"[1] alleged in the Motion. (*See, e.g.*, D.I. 36 at 2.) BMW cannot

---

[1] While the Third Circuit has not directly addressed the standard for consideration of disputed facts set forth in a motion to intervene, this Court and other courts in the Third Circuit have held that the allegations set forth in the motion and proposed pleading should be accepted as true, to the extent that they are non-conclusory and well-pleaded. *In re Chemed Corp., S'holder Derivative Litig.*, No. CV 13-1854-LPS-CJB, 2017 WL 1712530, at *4 (D. Del. Apr. 25, 2017); *Endoheart AG v. Edwards Lifesciences Corp.*, Civil Action No. 14-1473-LPS-CJB, 2015 WL 6956603, at *2 (D. Del. Nov. 6, 2015); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981); *cf. United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) ("A motion to dismiss a complaint in intervention is reviewed under the same standard applicable to consideration of a motion to dismiss the original plaintiffs' complaint.").

meet the requirements of Federal Rules of Civil Procedure 24(a)(2) or 24(b) for mandatory or permissive intervention, nor can BMW prove that it is a necessary party to this action such that dismissal is appropriate. Due to the exceptionally meritless nature of BMW's Motion, the Court should award Arigna the attorneys' fees and costs it incurred in responding to this Motion.

## NATURE AND STATE OF PROCEEDINGS

Through this action, Arigna seeks declaratory relief regarding Longford's filing of a UCC-1 financing statement that purports to perfect a first-priority security interest in litigation settlement proceeds obtained by Arigna and others not party to this action, none of which are BMW (the "Complaint"). (D.I. 2 at 1.) Instead of filing an Answer to the Complaint, Longford filed a Motion to Compel Arbitration and Dismiss, or in The Alternative, to Stay Pending Arbitration (the "Motion to Compel") on January 9, 2024. (D.I. 17, 18.) In response, Arigna filed its Answering Brief in Opposition to the Motion to Compel and a Motion to Enjoin Arbitration (the "Motion to Enjoin") on January 23, 2024. (D.I. 21, 22, 23.) Both the Motion to Compel and the Motion to Enjoin are fully briefed. (*See, e.g.*, D.I. 17, 18, 21, 22, 23, 24, 26, 27, 30, 32, 33.) On February 6, 2024, Arigna requested oral argument on the Motions to Compel and Enjoin. (D.I. 31.)

Thereafter, and without prior notice to Arigna, BMW filed its Motion to intervene on February 14, 2024. (D.I. 34, 36.) Although Arigna would not have agreed to BMW's intervention, this Court's rules nonetheless require Delaware counsel to have a verbal communication pursuant to Rule 7.1.1 on all non-dispositive motions such as BMW's Motion.[2] At the very least, BMW

---

[2] *Endoheart AG v. Edwards Lifesciences Corp.*, No. 14-CV-1479-LPS-CJB, 2015 WL 6956603, at *1 n.1 (D. Del. Nov. 6, 2015) ("District courts in this Circuit have treated a ruling on a motion to intervene as a non-dispositive ruling" but issuing a report and recommendation rather than an order out of an abundance of caution since the Third Circuit has not yet decided the issue and other federal courts have found otherwise.).

should have met and conferred before filing this Motion and its failure to do so provides an independent basis for the Court to deny it.  D. DEL. L.R. 7.1.1.

By its Motion, BMW asks this Court to allow it to intervene in the instant dispute because a "German court *will be expected* to award BMW from Arigna [] between $380,000 and $1.1 million" in connection with two "patent-related cases in Germany[.]"  (D.I. 36 at 3 (emphasis added).)   Other than the bare assertion that BMW has "obtained favorable judgments in two matters" that have nothing to do with the dispute in the instant action before this Court and which BMW concedes are not yet final, the Motion fails to demonstrate any discernible basis that BMW should be permitted to intervene in the instant action before this Court as a matter of right or permission.  (*See* D.I. 35, 36.)  The Court should reject BMW's argument and deny the Motion.

## STATEMENT OF FACTS

Arigna will not repeat, and instead incorporates by reference, the statement of facts set forth in its Opening Brief in Support of its Motion Enjoin Arbitration and Answering Brief in Opposition to Defendant Longford's Motion to Compel Arbitration and Dismiss, or in The Alternative, to Stay Pending Arbitration.  (*See, e.g.*, D.I. 22 at 2-7, D.I. 23, D.I. 32 , D.I. 33.)

BMW contends that "Arigna, Longford, and Arigna's outside counsel Susman Godfrey L.L.P. ("Susman") apparently worked together to circumvent Irish champerty laws by (1) channeling litigation funds directly from Longford to Susman, and (2) further moving and sheltering money earned during Arigna's litigation campaigns."  (D.I. 36 at 1.)  Not surprisingly, since BMW is not involved in the Arigna-Susman and Susman-Longford relationships, its contentions are wrong and are contradicted by the record in this case.  Arigna's corporate representative repeatedly declared under penalty of perjury in the Declarations submitted in connection with Arigna's briefing on the Motion to Compel and Motion to Enjoin that Susman sought litigation financing to diversity its contingency risk.  (D.I. 23 ¶ 4; D.I. 33 ¶ 7.)  "Arigna

does not use litigation funding because of Irish champerty laws and did not want or need litigation funding . . . .” (D.I. 23 ¶ 3.)  Arigna played no role in the drafting of the Funding Agreement, which was negotiated by Longford and Susman, did not sign the Funding Agreement, did not receive any money from it, and was not involved in the economic dynamics between Longford and Susman.  (*Id.* ¶ 4.)  BMW’s brief contradicts its own contentions, repeatedly recognizing that Susman, not Arigna, received litigation funding from Longford.[3]  (*See, e.g.*, D.I. 36 at 2-4.)

Nor has Arigna sheltered assets or taken any action to avoid creditors.  (Padian Decl. ¶ 5.)  Arigna is registered in Ireland and maintains only Irish bank accounts.  (*Id.* ¶¶ 2-3.)  It does not maintain foreign bank accounts, including in the United States.  (*Id.*)  Arigna is funded by its shareholders and supports its operations through debt and equity financing as necessary or through proceeds of its licensing activities.  (*Id.* ¶ 4.)  While Arigna reduced its share capital ████ ████ ████████████████████████████████████████████ in the ordinary course of its business – that does not evidence siphoning away assets or an inability to satisfy any German judgment BMW might ultimately obtain.  (*Id.* ¶ 5.)  ████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████ (*Id.* ¶ 6.)  The Engagement Agreement governs the distribution of these funds and, if disputed by Susman, will be resolved by arbitration in Houston.  (*Id.*)  Arigna’s declaratory judgment claim will not determine the

---

[3] That BMW would suggest Arigna violated Irish champerty laws is rich, given BMW’s own past misdeeds.  *See, e.g.*, N.Y. Times, *Volkswagen and BMW are fined nearly $1 billion for colluding on emissions technology* (July 8, 2021), available at https://www.nytimes.com/2021/07/08/business/volkswagen-bmw-daimler-emissions-scandal.html (“Germany’s three largest carmakers colluded illegally to limit the effectiveness of their emissions technology, leading to higher levels of harmful diesel pollution, European antitrust authorities said Thursday. . . . BMW will pay €373 million, or $442 million, as part of a settlement with the European Commission related to the cartel.”) (last visited Feb. 28, 2024).

appropriate distribution of these funds, but only the scope of the security interest Arigna granted to Longford to secure Susman's obligations.

Arigna and BMW were involved in litigation in the United States before the International Trade Commission,[4] in the District of Columbia,[5] and in the Eastern Districts of Texas[6] and Virginia.[7] Only the District of Columbia action remains pending and none of these suits resulted in a judgment (or other fee award) against Arigna. BMW does not seek to intervene based on these actions. Instead, BMW bases its Motion on four foreign actions pending in Germany, none of which involves an outstanding, (but yet) unpaid award in favor of BMW:

- No. '44 O 403/22' – a patent infringement action by Arigna against BMW, which has not been resolved by the German court. Arigna prevailed on a preliminary issue and expects to prevail at the September 2024 hearing. BMW is not owed any money in this case.

- No. '44 O 12475/22' – the German court denied Arigna's application for an interim injunction and Arigna paid the costs and expenses awarded under German fee shifting rules. BMW is not owed money in this case.

- No. '5 Ni 15/22' – the German court granted a nullity action brought by BMW against Arigna and found Arigna obligated to compensate fees and costs to BMW under German fee shifting rules. BMW submitted its calculation of the amount of fees and costs incurred, which Arigna contested. The German court has not yet determined the amount of fees and costs Arigna may owe to BMW and, as a consequence, BMW is not yet owed any money in this case.

- No. '5 Ni 15/23' – another nullity action brought by BMW against Arigna, which has not been resolved by the German court. No award of attorneys' fees or costs has been entered against Arigna. BMW is not owed any money in this case.

---

[4] *Certain Power Inverters and Converters, Vehicles Containing the Same, and Components Thereof,* Inv. No. 337-TA-1267 (May 21, 2021).
[5] *Bayerische Motoren Werke AG et al. v. Arigna Technology Ltd.,* 1:23-cv-1190 (D.D.C. Apr. 28, 2023);
[6] *Arigna Technology Ltd. v. Porsche AG et al,* 2:21-cv-173 (E.D. Tex. May 20, 2021)
[7] *Bayerische Motoren Werke AG et al. v. Arigna Technology Ltd.,* 1:22-cv-277 (E.D. Va. Mar. 15, 2022).

(*Id.* ¶¶ 7-12.) Contrary to BMW's claims, no German court has determined that Arigna owes BMW between $380,000 and $1.1 million. (*Id.* ¶ 12.) There is only one German action in which fees and costs have been awarded against Arigna in principle, however, the precise amount of those fees and costs is yet undetermined, Arigna estimates such fees and costs will not exceed 100,000€, the underlying award is currently under consideration by the German Court, no decision has been entered against Arigna, and there is no justification for BMW's suspicion that Arigna would default on any obligation it ultimately might owe. (*Id.*) To the contrary, the record suggests that Arigna would pay any fee award entered against it, as it did in No. '44 O 1247/22'. (*Id.*)

## SUMMARY OF ARGUMENT

1) BMW has no interest in this declaratory judgment suit regarding Longford's filing of a UCC-1 financing statement against Arigna that purports to perfect a first-priority security interest in litigation settlement proceeds obtained by Arigna. Even if BMW had an interest in such proceeds, which it does not, BMW unduly delayed its filing of the Motion and ignores that the proper distribution of the proceeds is not implicated by Arigna's Complaint.

2) BMW cannot show that it is entitled to mandatory intervention pursuant to Federal Rule of Civil Procedure 24(a)(2) because BMW does not make the requisite showing that it has a sufficient interest in this litigation and that any interest it may have will be impaired or affected as a practical matter.

3) BMW likewise fails to make the requisite showing that the Court should permit it to permissively intervene pursuant to Federal Rule of Civil Procedure 24(b).

4) The Court need not address BMW's Rule 19 argument, but if it does, BMW is not an indispensable party under Federal Rule of Civil Procedure 19(b).

**ARGUMENT**

**I.      THE COURT SHOULD DENY THE MOTION TO INTERVENE**

BMW bears the burden of proving that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2).  The Third Circuit requires proof of four elements to intervene as of right:  "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest."  *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998); *see also Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("Each of these requirements must be met to intervene as of right.").  BMW cannot prove that it timely moved to intervene, has a sufficient interest in this litigation that would support mandatory or permissive intervention, possesses an interest that could be impaired or affected as a practical matter, and that any provable interest would be unrepresented absent intervention.  Accordingly, the Court should deny the Motion.

**A.      BMW Cannot Intervene as a Matter of Right**

**1.      BMW'S Intervention is Untimely**

The Court should reject BMW's application because BMW unduly delayed in moving to intervene.  Timeliness is measured from the point at which an applicant knew, or should have known, of the risk to its rights.  *Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2020 WL 6060441, at *3 (D. Del. Oct. 14, 2020) (citing *U.S. v. Alcan Aluminum, Inc.*, 25 F.3d, 1174, 1182(3d Cir. 1994); *see also In re: Syntax-Brillian Corp.*, No. 13-CV-337-GMS, 2016 WL 5662074, at *10 (D. Del. Sept. 29, 2016).  BMW concedes that it learned of this litigation shortly after it was filed in December 2023.  (D.I. 36 at 2.)  Under BMW's theory, its claimed interest (if

extant and implicated by this action) was apparent from the face of Arigna's complaint.[8]  Despite this knowledge, BMW delayed until February 14, 2024 to seek intervention.  (D.I. 36.)

BMW's Motion was not filed until after Longford's Motion to Compel and Arigna's Motion to Enjoin were fully briefed.  (*Id.*); *see, e.g.*, *Wallach v. Eaton Corp.*, 837 F.3d 356, 377 (3d Cir. 2016) (observing that Supreme Court affirmed a denial of a motion to intervene filed three weeks after intervenors claimed to have become aware of the issue in that case); *Bone v. XTO Energy, Inc.*, No. CV 21-1460, 2023 WL 5431139, at *2 (D. Del. Aug. 23, 2023) (explaining that the timeliness inquiry requires "considering the totality of the circumstances arising from three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.").  The resolution of the party's fully-briefed motions is likely dispositive of Arigna's declaratory judgment claim,[9] and Arigna will suffer substantial prejudice by ***any*** delay in resolving these motions given Longford's efforts to press forward with the Arbitration.  *See e,g.*, *Cole v. Danberg*, No. CV 10-088-GMS, 2014 WL 293425, at *2 (D. Del. Jan. 24, 2014) (denying joinder where it "will cause unduly delay in the disposition of this case").  BMW's delay of nearly three months is unreasonable here and the Court should deny the Motion.

### 2.    BMW Has No Interest in this Litigation

BMW has no interest in this litigation for at least two reasons: first, BMW has no right to collect any funds from Arigna, let alone a specific claim to a share of the "proceeds" from the Settlement Payment.  Second, any right to payment BMW may receive in the future is not

---

[8] As discussed below, BMW has no interest and any interest it may have is not implicated in this matter. But to evaluate the timeliness of BMW's application, Arigna must accept BMW's allegations of interest.

[9] If the Court finds that Arigna agreed to arbitrate with Longford, the Court will dismiss or stay this action.  If the Court finds that Arigna did not agree to arbitrate with Longford, the Engagement Agreement governs the scope of Longford's lien.  As noted supra, BMW has nothing to do with this action.

implicated by the claims pending here. BMW concedes that it does not have a judgment for a sum certain against Arigna. (*See, e.g.*, D.I. 36 at 3-4); *see e.g.*, *Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 535 (D. Del. 2009) (explaining that Delaware's Uniform Foreign Money-Judgments Recognition Act (the "DUFM-JRA") applies only to judgments granting or denying recovery of "a sum of money"). At best, BMW has an expectation that it may in the future obtain a judgment for a sum of money from a German court, in a foreign proceeding, that it might someday seek to collect against Arigna. But BMW has not even obtained a judgment granting recovery of a sum of money, let alone completed the steps necessary to domesticate that judgment in the United States, record its judgment, or attach its judgment to any assets Arigna may have in Delaware. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. MC 17-151-LPS, 2023 WL 4826467, at *2 (D. Del. July 27, 2023) (explaining how to register and attach a foreign judgment in Delaware); *Pilkington Bros. P.L.C. v. AFG Indus. Inc.*, 581 F. Supp. 1039, 1045 (D. Del. 1984) ("A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment."). BMW's potential, contingent expectation in a monetary award against Arigna, predicated on an unsupported "suspicion" that Arigna might possibly default on any obligation it may have in the future, does not establish an interest in this litigation that would mandate intervention and the Court should deny the Motion.

Even if (contrary to the facts that BMW ignores) BMW obtained a judgment against Arigna that it could enforce in the United States, it would still not have "an interest in the transaction that is the subject of this action." (D.I. 36 at 2.) The only cause of action pending before this Court is Arigna's declaratory judgment claim concerning the scope of the security interest granted to Longford in the Engagement Agreement. (*See, e.g.*, D.I. 2.) The "proceeds" in which BMW

claims an interest are not implicated by this action and reside, outside the jurisdiction of this Court, in non-party Susman's escrow account.  (D.I. 23 ¶ 7.)  The Court has not been asked to, and will not, determine who is entitled to these "proceeds."  Instead, this action seeks a declaration confirming the scope of Longford's security interest.  BMW's claimed interest in the "proceeds" is thus not implicated by this action.

BMW does not claim that it played any role in the transactions that created the security interest.  A review of the underlying documents confirms that BMW was not a party to, or otherwise involved with, Arigna's retention of Susman or Susman's decision to diversify its contingency risk to Longford.  Nor was BMW involved in the settlement that created the "proceeds."  (Padian Decl. ¶ 6.)  BMW does not have any cognizable legal interest in these settlement funds and BMW does not identify any.  *See Ungar v. Arafat*, 634 F.3d 46, 51-52 (1st Cir. 2011) ("[T]he interest must be direct and 'significantly protectable.' … An interest that is too contingent or speculative … cannot furnish a basis for intervention as of right."); *see also Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (interest is significant pursuant to Rule 24(a)(2) only when the interest is "direct, substantial, and legally protectable").  BMW is a stranger to the transactions at issue in this case and the funds to which it claims only an unspecified potential future interest are not before the Court.  *See, e.g.*, *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005) *quoting Mountain Top Condo. Ass'n*, 72 F.3d at 366 (3d Cir. 1995) ("In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. . .Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.").  BMW cannot demonstrate a sufficient interest in this litigation to justify intervention.

None of the cases BMW cites to show that it has sufficient interest in this litigation apply here. (*See, e.g.*, D.I. 36 at 8-10.) In *Intellectual Ventures LLC v. AT&T Mobility LLC*, No. 12-193-LPS, *et al.*, 2014 WL 4445953, at *1-3 (D. Del. Sept. 8, 2014), this Court granted a component manufacturer's motion to intervene because the intervenors demonstrated "their interest in the very devices accused of infringement." There are no devices at issue in the instant lawsuit, and BMW does not manufacture any products for Arigna.

*Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53–54 (5th Cir. 1970) is also inapposite. In *Gaines*, the Fifth Circuit was asked to determine whether a law firm that was terminated by its client could intervene to collect proceeds from a settlement agreement after the law firm and client entered into "a contingent fee contract which provided that the appellant law firm was entitled to an interest in the present suit of one-third of all amounts collected by settlement, forty percent of any judgment obtained and fifty percent of judgment after appeal." *Id.* at 53. Unlike the attorneys in *Gaines*, BMW did nothing to create, and has no contractual right to, the "proceeds" in which it claims an interest. *Id.*

*Hardy-Latham v. Wellons*, 415 F.2d 674 (4th Cir. 1968), which stands for the proposition that a party with a direct interest (finder's fee) in both a transaction and fund created thereby could intervene even in the absence of diversity jurisdiction, likewise provides no support for BMW. As explained above, BMW has no direct interest in the "proceeds" or the underlying Settlement Payment that created them, which are not even implicated by this action to determine the scope of an unrelated security interest. (*See* D.I. 2.) At best, BMW holds only an expectation of a future economic interest in collecting a future anticipated judgment, which is not implicated by the Court's determination of the scope of Longford's lien.

Finally, *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012), cannot establish BMW's interest in this action. *Benjamin* reversed the denial of an intervention motion at the remedy stage, after earlier affirming the denial of an intervention motion at the liability stage of a complex proceeding because the proposed intervenors had an interest in the approval of a class action settlement agreement. *Id.* at 942. Unlike BMW, the proposed intervenors were directly impacted by the proposed settlement because they were residents of the impacted facilities. *Id.* at 952-53. *Benjamin* does not support BMW's argument that a potential judgment creditor has an intervenable interest just because it might seek to collect funds that might be covered by the security interest at issue.

In sum, BMW's cited "authority" does not demonstrate a sufficient interest in this litigation and the Court should deny the Motion.

3.    There is No Threat to Any Interest BMW Might Have and BMW's Intervention is Unnecessary to Prevent Any Alleged Threat

Even if BMW had an interest in the "proceeds," which it does not, any such interest is not threatened by this action. Arigna's declaratory judgment claim, the only claim at issue in this litigation, seeks to determine the scope of Longford's security interest. (*E.g.*, D.I. 2.) The Court here will not decide how the "proceeds" of Arigna's Settlement Payment must be distributed or determine any priority disputes that may arise among competing creditors. *Follieri Grp., LLC v. Follieri/Yucaipa Invs., LLC*, No. CIV.A. 3015-VCL, 2007 WL 2459226, at *1 (Del. Ch. Aug. 23, 2007) (denying intervention where "mere putative creditor . . . ha[d] no interest" in action to dissolve limited liability company and was not "threatened with any adverse effect from whatever judgment is ultimately reached on that subject."). So too here—i.e., whether Longford has the broad lien it claims, or the narrower lien Arigna granted, does not impact whether BMW's German judgment qualifies under the DUFM-JRA.

Regardless of how the Court determines the scope of Longford's lien, any claim BMW might have to the "proceeds" cannot be threatened. The "proceeds" are not before this Court, as they already were transferred from Arigna to Susman's escrow account in Texas, which perfects any security interest Longford is ultimately determined to have. *See, e.g.*, *In re SemCrude, L.P.*, 407 B.R. 82, 103-04 (Bankr. D. Del. 2009) (recognizing security interest is perfected by filing a financing statement, taking possession of the collateral, or obtaining control over the collateral). With this payment completed, and Longford's lien secured by the already transferred "proceeds," any interest BMW might have cannot be impaired. *See, e.g.*, *Pres. Pittsburgh v. Conturo*, 477 F. App'x 918, 920 (3d Cir. 2012) (explaining that federal courts will not enjoin an act or event that has been performed or has already occurred). Since the "proceeds" are already beyond the jurisdiction of this Court, BMW's claimed interest is not threatened, and the Motion is futile. *See, e.g.*, *Hauth v. Lobue*, No. CIV. A. 00-166-JJF, 2001 WL 1188216, at *4 (D. Del. Sept. 28, 2001) ("A Motion To Intervene must be denied if the Motion is 'futile.'") (citing *In re Fine Paper Antitrust Litig.*, 695 F.2d 494 (3d Cir. 1982).

Nor is BMW's intervention necessary to protect any interest it might have. Assuming the Court reaches the merits,[10] there are only two possible outcomes, both of which are advocated by the either Arigna or Longford. The lien granted to Longford either covers "Proceeds" as defined in the Funding Agreement, advocated by Longford, or it covers "Proceeds" as defined in the Engagement Agreement, advocated by Arigna. If Longford is correct, its priority lien will trump any claim BMW may have to the "proceeds" and if Arigna is correct, these proceedings will not impact BMW's rights in any way. The universe of potential declaratory judgments is advanced by the existing parties to this action and BMW cannot prove that any interest it might have in the

---

[10] If the Court grants the Motion to Compel, there is no case in which BMW can intervene.

narrow question before the Court is not adequately represented by the existing parties.  *See, e.g.*, *Tansey v. Rogers*, C.A. No. 21-cv-49-RGA, 2016 WL 3519887, at *3 (D. Del. June 27, 2016) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented.").  BMW cannot establish that any interest it may have is impaired by this action or that the existing parties do not adequately represent BMW's position.  As such, the Court should deny the Motion.

      B.      **<u>BMW Cannot Demonstrate This Court Should Exercise Its Discretion Under Rule 24(b)</u>**

BMW cannot satisfy its burden to invoke the Court's discretion to allow permissive intervention under Federal Rule of Civil Procedure 24(b).  Permissive intervention is appropriate only where "a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b).  Whether to grant permissive intervention under Rule 24(b) . . . is within the discretion of the district court . . . ."  *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) (internal quotations omitted).

BMW does not identify an applicable federal statute that would permit intervention or establish that the allegations contained in its Motion share a common question of law or fact with the allegations set forth in the Complaint.  For the same reasons that require the Court to deny BMW's request to intervene as of right, the Court should decline to exercise its discretion to allow BMW's permissive intervention.  *See, e.g.*, *CBV, Inc. v. ChanBond, LLC,* No. CV 21-1456-GBW, 2023 WL 3750652, at *4 (D. Del. June 1, 2023) ("If intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well.") (internal citations and alterations omitted).  BMW offers only conclusory statements that cannot demonstrate common facts or questions of law that would justify permissive

intervention. This declaratory judgment action requires the Court to determine the scope of the lien Arigna granted to Longford through Susman, which depends on the relationships between Arigna and Susman and Susman and Longford, and whether the Engagement Agreement or the Funding Agreement governs those relationships. (D.I. 2.) By contrast, BMW's proposed claims against Arigna seek recognition and enforcement of non-final foreign judgments that do not award a sum certain under the DUFM-JRA and involve the impact of German court orders issued in foreign litigation between BMW and Arigna. These involve different claims, governed by different law, brought by different parties, that bear no relation to each other.

Allowing BMW to intervene here, when it is already involved in other pending litigation with Arigna in which it could raise any viable claims, is not an appropriate exercise of the Court's discretion. *See, e.g.*, *Chanbond*, 2023 WL 3750652, at *4 (citing *Luster v. Puracap Lab'ys, LLC*, C.A. No. 18-503-MN-JLH, 2023 WL157638, at *3 (D. Del. Jan. 11, 2023); *see also 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1913 (3d ed. 1998) ("If the would-be intervenor already is a party to other litigation in which the intervener's rights can be fully determined, or if there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene."). BMW cannot carry its burden to show common questions of law or fact that would support permissive intervention and the Court should deny the Motion.

### C.      **BMW is Not an Indispensable Party Under Fed. R. Civ. P. 19(b)**

The Court need not consider whether BMW is an indispensable party under Rule 19(b) because BMW cannot establish an interest in this litigation under Rule 19(a). BMW bases its indispensability argument on satisfying the requirements to intervene as a matter of right under Rule 24(a). As discussed above, BMW cannot justify mandatory intervention. If the Court disagrees and finds that BMW carried its Rule 24(a) burden, Arigna agrees that permitting BMW

to intervene in this action might not destroy the Court's diversity jurisdiction, though the conclusion is debatable.[11]  *Cf. Singh v. Daimler-Benz AG*, 9 F.3d 303, 312 (3d Cir. 1993) ("The alleged constitutional issue that might arise when one alien sues another is not presented in this case because there is a citizen party, thereby satisfying minimal diversity.  Moreover, the resolution of the constitutional issue is not as clear as may appear from first glance.").  The Third Circuit has explained that "as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states."  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  Diversity jurisdiction exists between Arigna, an Irish entity, and Longford, a Delaware entity.  Adding BMW, which alleges to be a German entity, may not destroy the Court's subject matter jurisdiction.

If the Court finds that BMW is an indispensable party, but cannot be joined, the Rule 19(b) factors require the Court to continue this action without BMW.  The Rule 19(b) factors apply only "[i]f a person who is required to be joined if feasible cannot be joined, [and] the [C]ourt must determine whether . . . the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  A declaration about the scope of Longford's lien will not prejudice BMW in any way as BMW has no interest in the determination of rights of Longford and Arigna.  In the absence of prejudice, the second Rule 19(b) factor is inapplicable.  A judgment declaring the scope of Longford's lien, without BMW, would be adequate.  *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 235 (3d Cir. 2023) ("For this factor, a court must practically consider the likelihood of other suits.  Dismissal is less appropriate where there

---

[11] BMW could not exercise diversity jurisdiction if it were to initiate litigation against Arigna. *Japan Petroleum Co. (Nigeria) v. Ashland Oil, Inc.*, 456 F. Supp. 831, 836 (D. Del. 1978) ("There is no diversity in a suit between two aliens.").  The Court should not allow BMW to game the intervention rules to take through intervention what it could not otherwise obtain.

is reason to believe multiple suits are unlikely or a consolidated suit would not settle all disputes."). If the Court declares the scope of Longford's lien, no other suit would need to address that issue.

BMW's Motion misunderstands both the commercial realities of a debtor-creditor relationship and the scope of this action. None of the cases on which BMW relies, many of which it cites out of context, allow a creditor to intervene in a dispute over the scope of a security interest between the debtor and another of its creditors. *See, e.g.*, *Matter of Tr. Established Under Pooling & Servicing Agreement Relating to Wachovia Bank Com. Mortg. Tr. Com. Mortg. Pass-Through Certificates, Series 2007-C30*, No. 19-CV-1387(PJS/BRT), 2021 WL 4551598, at *6 (D. Minn. Oct. 5, 2021) (cited in support of BMW's Rule 19(b) argument, when it only addresses Rule 19(a) and is otherwise distinguishable because it deals with joinder of parties to a trust instruction proceeding where, by definition, the parties all claim an interest in the funds held by the trust). This action will not determine the distribution of any Arigna "proceeds," but only on the scope of the lien granted by Arigna to Longford. BMW will not suffer any prejudice if the Court declares Longford's lien in its absence. Accordingly, the Court need not consider the Rule 19(b) factors, but if it does, the Court should find that BMW has failed to prove that it is an indispensable party.

## **CONCLUSION**

Arigna respectfully asks this Court to deny BMW's Motion and award Arigna the costs and fees associated with defending it.

Dated:  February 28, 2024

<span style="margin-left:4em">B</span>AYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff Arigna Technology Limited*