## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ARIGNA TECHNOLOGY LIMITED, an
Irish Corporation,

        Plaintiff,

        v.

LONGFORD CAPITAL FUND, III, LP, a
Delaware Limited Partnership,

        Defendant.

C.A. No. 23-1441-GBW

### STIPULATION AND [PROPOSED] ORDER DISMISSING ACTION
### FOR LACK OF SUBJECT-MATTER JURISDICTION

WHEREAS, on December 18, 2023, Plaintiff Arigna Technology Ltd. ("Arigna") filed a complaint (the "Complaint") against Defendant Longford Capital Fund III, LP ("Longford") seeking a declaratory judgment concerning the scope of a lien that Longford asserted against Arigna;

WHEREAS, the Complaint alleged that because Arigna was an Irish corporation and upon information and belief that Longford was a Delaware limited partnership, "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the matter in controversy far exceeds the statutory sum or value required for this court to have jurisdiction." (D.I. 2 at ¶¶ 2-4);

WHEREAS, on January 8, 2024, Longford filed a JAMS arbitration demand and Statement of Claim against Arigna (the "Arbitration");

WHEREAS, on June 5, 2024, following briefing from the parties, the Court entered a Memorandum Order staying this action "pending resolution of the question of arbitrability by an arbitrator." (D.I. 56) (the "Memorandum "Order");

WHEREAS, on August 20, 2024, the arbitrator entered an Interim Ruling finding that the matters raised are arbitral and that proper jurisdiction exists, and on January 28, 2026, the JAMS Arbitration Appeal Panel issued a Final Decision in the Arbitration in Longford's favor; and

WHEREAS, following the completion of the Arbitration, the parties met and conferred and agreed that Longford has one or more limited partners that are citizens of foreign states defeating complete diversity for purposes of the Court exercising subject-matter jurisdiction under 28 U.S.C. § 1332.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel, and subject to the approval of the Court, that:

1.    This Court lacks, and at all relevant times lacked, subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because one or more of Longford's limited partners was and is a citizen of a foreign state, thereby preventing the exercise of diversity jurisdiction in this dispute.

2.    The above captioned action is hereby DISMISSED for lack of subject-matter jurisdiction. Because the Court lacked subject-matter jurisdiction since the case's filing, all orders entered by the Court, including the Memorandum Order, were void *ab initio*, hereby vacated, and have no binding force and effect.

Dated: February 10, 2026

**BAYARD, P.A.**

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff*
*Arigna Technology Limited*

**ABRAMS & BAYLISS LLP**

*/s/ Christopher Fitzpatrick Cannataro*
John M. Seaman (#3868)
Christopher Fitzpatrick Cannataro (#6621)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Defendant Longford Capital*
*Fund III, LP*

SO ORDERED, this $\underline{17^{th}}$ day of $\underline{February}$, 2026.

The Honorable Gregory B. Williams
United States District Judge

3